# Smith *et al. v.* Perry.

*Bill in Equity to enforce Trust in Lands, against Purchaser at Sale by Assignee in Bankruptcy of Trustee.*

1. *Purchase by trustee, with trust funds.*—If a trustee invests trust funds in the purchase of lands, taking the title in his own name, the *cestuis que trust* may, at their election, either claim the lands, or fasten a charge on them for the reimbursement of the funds so invested; and this equity follows the lands, until they pass to a *bona fide* purchaser for valuable consideration without notice.

2. *Who is purchaser for valuable consideration without notice; assignee in bankruptcy, and purchaser at his sale.*—As to lands surrendered by a bankrupt, the assignee in bankruptcy takes only the estate which the bankrupt had, and the lands remain chargeable with all the prior equities which were binding on the bankrupt; nor can a purchaser from the assignee, who succeeds only to his interest, claim the protection which is accorded in equity to a *bona fide* purchaser for value.

[Smith et al. v. Perry.]

APPEAL from the Chancery Court of Lee.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 13th March, 1871, by the wife and children of Madison Perry, against John O. D. Smith, J. H. Swearingen, said Madison Perry, and others; and sought to enforce a trust in a certain tract of land, containing eighty acres, which, as the complainants alleged, was purchased by the said Madison Perry with money held in trust for them, was surrendered by him in his schedule to his assignee in bankruptcy, and was purchased at the assignee's sale by said Smith and Swearingen; also, to enjoin an action at law which said Smith and Swearingen had brought to recover the possession of the land, and to compel the cancellation of their deed, as a cloud on the complainants' title. Answers were filed by said Smith and Swearingen, denying all knowledge of the alleged trust, and claiming to be purchasers for valuable consideration without notice. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants; and his decree is now assigned as error.

W. H. BARNES, for appellants.

GEO. W. GUNN, and R. C. HOLIFIELD, *contra*.

BRICKELL, C. J.—The bill was filed by the appellees, to enforce a trust on lands, averred to have been purchased by a trustee, with trust funds, and a conveyance of the legal title taken in his own name, not disclosing the trust. The facts, as they are shown by the record, are these: Madison Perry was appointed by the Court of Chancery as the successor of one Boswell, to hold an estate, real and personal, of which the appellees are beneficiaries; and was authorized to invest any trust moneys in his hands, in the purchase of real estate. Having trust funds, he invested a part of them in the purchase of the lands in controversy, taking title to himself. Soon thereafter, he became a voluntary bankrupt, and, in the schedule of his assets, surrendered the lands, without stating the character of his title, but claiming them as exempt from liability for his debts. The claim of exemption, as we understand it, was by virtue of the statute of exemptions then existing, and was disallowed by the assignee in bankruptcy. The assignee made sale of the lands, at public outcry; at which sale, the appellants became the purchasers, paid the purchase-money, and received from the assignee a conveyance of "all the right, title, interest and estate," which Madison Perry had in the lands "at the date of filing his petition in bankruptcy," and "all such right, title and

estate" as the said assignee had, or was "authorized by law to convey." The purchasers at the assignee's sale had no notice of the equity asserted by the appellees; and the only question which has been argued in this court is, whether they are entitled to protection as *bona fide* purchasers for a valuable consideration without notice.

1. It must be regarded now as an established principle of equity jurisprudence, that if a trustee invests trust funds in property into which they can be traced, the *cestuis que trust* have an election to follow them, and either to demand the property, or a charge on it for the reimbursement of the funds invested.—2 Lead. Eq. Cases, 713; *Oliver v. Piatt*, 3 How. 401. The legal estate, residing in the trustee, was subject and subordinate to this equity of the *cestuis que trust;* and until it passes from him, to one entitled to protection as a *bona fide* purchaser without notice, it remains charged with it.

2. An assignee in bankruptcy is not a purchaser for a valuable consideration, entitled to protection against equities to which the estate of the bankrupt is subject. In the absence of fraud, such an assignee succeeds merely to such rights and interests as the bankrupt had, and was capable of asserting at the time of the bankruptcy. Whatever equities affect the bankrupt, or his estate, affect the assignee, as if the bankrupt himself were still clothed with the rights and interests the law compelled him to surrender.—*Mitchel v. Winslow*, 2 Story, 637; *Fletcher v. Morey*, *1b.* 564; *Cook v. Tullis*, 18 Wall. 332.

The sale by an assignee, of lands surrendered by the bankrupt, is of the estate, the title of the bankrupt; that of which the bankrupt was divested, and with which he was clothed by the assignment. In the language of the conveyance made by the assignee to the appellants, it is "the right, title, interest and estate," which the bankrupt had in the lands, at the time of filing his petition. It is not a sale of specific lands, of which the vendor has, and conveys, an apparently indefeasible legal title. The transaction is, in form, and in fact, a mere sale and purchase of such right and title as the bankrupt had, and as passes to the assignee. It may appear to be a perfect legal title, and the conveyances under which it is deduced may not afford the least evidence of the equity binding it. The purchaser contracts for it, with all its incumbrances—contracts to succeed to the title of the bankrupt, and not for the fee, or an unincumbered estate.

An innocent purchaser, holding the legal title, acquired by a conveyance purporting to pass, not the mere title of the grant-

[Smith et al. v. Perry.]

or, but a defined estate in lands, is protected against prior equities. Such a purchaser has an equity, of equal dignity with any which can be preferred against him. Without fault, or the want of diligence, on a valuable consideration, he has acquired a legal estate, from a grantor apparently entitled to convey it. This title must be apparently perfect, good at law, and a vested fee.—*Boone v. Chiles,* 10 Peters, 211. A purchaser of the estate of another, without regard to its quality, has not the equity of an innocent purchaser. His contract is satisfied, when that estate passes to him, whether it is legal or equitable—whether it is a naked legal title, subject to an equity by which it may be at any time divested, or whether it may prove an indefeasible legal and equitable estate. Hence, the authorities seem to be uniform, that one holding under a mere quit-claim conveyance, which assumes to pass only the title of the grantor, is not an innocent purchaser, entitled to protection against prior equities.— *Oliver v. Piatt,* 3 How. 333; *Boone v. Chiles,* 10 Peters, 177; *Vattier v. Hinde,* 7 Peters, 271; *Smith v. Branch Bank Mobile,* 21 Ala. 125; *May v. Le Claive,* 11 Wall. 217.

The purchasers from the assignee contracted for, and obtained, a conveyance of the estate of the bankrupt. All that the bankrupt could surrender, or the assignee acquire or sell, was the legal title, subject and subordinate to the trusts with which it was affected. In the language of the court in *Smith v. Branch Bank Mobile, supra,* "to enlarge the interest by construction, would be to make a different contract from that which the parties have entered into; would be, by judicial interpretation, contrary to the face of the deed, and the facts on which it is founded, to pass the entire estate." The appellants are not, of consequence, innocent purchasers without notice, and entitled to protection against the equity of the appellees. The right and title of the bankrupt is all to which they were entitled, and that was subject to the trust impressed on it by the use of trust funds in its acquisition.

There is no error in the decree, and it must be affirmed.