ANN ELIZA EATON v. LEVI TROWBRIDGE ET AL.

*Bill to quiet title—Quit claim of "remaining interest."*

It is not a matter of course to deny relief in equity when a suit at law is pending, if the decision at law cannot cover the whole controversy.

One who has a right to file a bill to quiet title may properly include parcels of land contracted to others and in their possession.

A bill to quiet title will lie even when an action of ejectment is pending against part of the land, if judgment for defendant therein would still leave the title in dispute.

A cloud rests on title so long as it is questionable if defendant's title is not *prima facie* better than complainant's.

It is only a presumption that the date of acknowledgment, if later than that of the deed, is also the true date of delivery; it may be overcome by proof.

It is presumed that the parties to a deed understand that delivery is essential to an operative conveyance.

Where a grantee died between the dates of the deed and its acknowledgment, it was presumed that the deed had been delivered in his lifetime.

Where a deed describes lands by metes and bounds or otherwise, and purports to convey it, the grantee, if a purchaser for value without actual or constructive notice of previous conveyances, is entitled to claim what is described.

A deed of the grantor's "now remaining" interest in certain lands does not defeat a prior unrecorded conveyance, because it is not a second conveyance of anything previously conveyed; the deeds may stand together.

Appeal from the Superior Court of Detroit. Submitted January 31. Decided April 2.

BILL TO QUIET TITLE. Defendant Trowbridge appeals.

*R. P. Toms* and *Theodore Romeyn* for complainant. A deed though not acknowledged is good at common law at the date of delivery, *Brown v. McCormick*, 28 Mich., 215; *Clark v. Hall*, 19 Mich., 372; delivery is presumed from the grantee's possession, Matthews' Presumptive Evid., 39; *Dawson v. Hall*, 2 Mich., 392; a quit-claim deed of a remaining interest in lands is different from a conveyance of the lands, *Marshall v. Roberts*, 18 Minn., 405: 10 Amer., 201; a bill to quiet title may cover lands of which others are in possession under a contract of purchase from the complainant, *Dwight v. Cutler*, 3 Mich., 566; *Crane v. O'Reiley*, 8 Mich., 315; *Hogsett v. Ellis*, 17 Mich., 365; *Allen v. Atkinson*, 21 Mich., 361; *Jones v. Smith*, 22 Mich., 360; *Holbrook v. Winsor*, 23 Mich., 394; *Fitzhugh v. Barnard*, 12 Mich., 112.

*Geo. H. Prentis* and *Wm. P. Wells* for defendant Trowbridge. Equity will not aid in clearing title where the remedy at law is complete, *Moran v. Palmer*, 13 Mich., 370; a bill to quiet title on behalf of the legal owner is

entertained only when he is not in position to force the adverse claimant into a court of law to test its validity, *Alton M. & F. Ins. Co. v. Buckmaster*, 13 Ill., 201; *Comstock v. Henneberry*, 66 Ill., 212; *Stockton v. Williams*, Walk. Ch., 120: 1 Doug. (Mich.), 546; *Tabor v. Cook*, 15 Mich., 322; *Ormsby v. Barr*, 22 Mich., 80; *Barron v. Robbins*, id., 35; bills of peace or *quia timet* are allowed for the prevention of a multiplicity of suits only where there are many persons who may insist on the same right, and where one who has satisfactorily established his right at law is harrassed by indefinite litigation, Adams' Eq., 199, 202; *Trustees v. Nicoll*, 3 Johns., 590; *Eldridge v. Hill*, 2 Johns. Ch., 281; *Alexander v. Pendleton*, 8 Cr., 468; the presumption of delivery from the possession of a deed cannot be sustained without affirmative proof, where it is doubtful whether the grantee was *in esse* at the time of the supposed delivery, 3 Washb. R. P., 294; *Jackson v. Phipps*, 12 Johns., 418; *Hulick v. Scovil*, 9 Ill., 159.

COOLEY, J. The bill in this case is filed to quiet the title to certain lands in the city of Detroit. A small portion of these lands had been contracted by complainant to Ross and Oakes, who were in possession and had erected a valuable building thereon. The remainder was unimproved, and complainant claimed to be in actual possession. Defendants had brought suit in ejectment against Ross and Oakes, and the suit was pending when this bill was filed. The decree prayed for was one quieting the title of complainant to all the lands.

I. It is insisted on the part of defendants that equity has no jurisdiction of such a case, the questions involved being legal questions, and a suit being now pending at law in which they might be passed upon and determined. It has been stated, however, that that suit involves a small portion only of the lands, and though all the questions that arise on this record might perhaps be raised and passed upon at law, it is not a matter of course to

deny relief in equity when the decision at law cannot cover the whole controversy. As to all that portion of the lands of which she was in actual possession, complainant was unquestionably entitled to file this bill, taking no notice of the remainder, and it could have been no answer to her suit that the questions involved were being tried in a suit at law against other parties as the occupants of other lands. It did not follow that because defendants had brought suit against Ross and Oakes they would follow this up with a suit against complainant, and her title might remain in dispute indefinitely had she not moved to quiet it. And having a right to file the bill, it was very proper that she should embrace the land contracted to Ross and Oakes in the decree prayed for, and thereby terminate the whole controversy. *Woods v. Monroe*, 17 Mich., 238. But there is a further reason why this bill was proper. The questions involved are such that if the defense at law should succeed, the title of complainant of record would still be imperfect and open to disputes; and where that is the case, it is manifest that the remedy at law cannot be fully adequate. The purpose of this suit is not only to determine the title, but to remove clouds upon it; and there is a cloud so long as by the record it is at least questionable if the title of defendants is not *prima facie* better than complainant's.

II. Complainant claims title through two independent chains of conveyances, and also by adverse possession. One chain of conveyances is as follows: From Louis Moran, Junior, the original source of title, to Caniff and Cook by mortgages: foreclosure of these mortgages in chancery, and conveyance to Eurotas P. Hastings; Eurotas P. Hastings to Charles Larned by deed, and Charles Larned to complainant by deed. The defendant also claims under Hastings, and the questions which arise on this part of the case relate to the validity and effect of the respective conveyances from Hastings; his title not being disputed by defendants.

The mortgages by Moran to Caniff and Cook were of a farm called the Mullett farm, containing seventy-six acres and a fraction, with an exception of certain parcels which had previously been conveyed out of it, and which were specially mentioned. The foreclosure took place in 1828, and Hastings became the purchaser. The deed from Hastings to Larned conveys the same land, with the exception of a portion lying northwest of Jefferson avenue, and which is not involved in this controversy. The deed bears date June 1, 1834, but was not acknowledged until May 25, 1837. Before the date of acknowledgment Larned died, and there is no direct evidence of a satisfactory character that he had possession of the deed at all. It is therefore insisted by the defendants that it is not made out that the deed was ever delivered; that the date of acknowledgment is presumptive evidence that it had not been delivered previous to that time, and if so it was never delivered at all, as Larned was then deceased.

It is true it has been decided by this court that, as deeds are usually acknowledged before they are delivered, it is to be presumed when the date of acknowledgment is subsequent to the date of the deed, that the former, rather than the latter was the date of delivery. *Blanchard v. Tyler*, 12 Mich., 339; *Johnson v. Moore*, 28 Mich., 3. This, however, is but a bare presumption, and may easily be overcome by circumstances which are inconsistent with the supposed fact. And it is difficult to conceive of a circumstance which would tend more powerfully in that direction than the coming forward of the grantor to acknowledge his conveyance at a time when, had it not been delivered previously, the ceremony would be a mere nullity. Such is the case here.

If the deed from Hastings to Larned had been delivered in the lifetime of Larned, without acknowledgment, and was found in that condition by Larned's representatives afterwards, a sufficient reason for obtaining the acknowledgment at that time is apparent. But if the deed had

never been delivered, the title must have remained in Hastings, and no suggestion of a reason for an acknowlment at that time would be consistent with reasonable and probable motives. We must suppose the parties understood that delivery was essential to an operative conveyance; and that they would not knowingly go through the formality of completing for record an instrument which would still be a mere nullity. It may indeed be suggested that the transaction between Hastings and Larned was found in an unfinished state after the death of the latter, and that it was closed up by completing a deed to Larned previously drawn but not executed, as the simplest and least expensive mode of vesting title in Larned's heirs; but as this would save to the parties nothing but the drafting of a deed, it is almost incredible that business men should have been willing to peril interests for a consideration so insignificant. It is much more reasonable to suppose that the acknowledgment was taken when it was in order to perfect for the purposes of record and evidence a conveyance in other particulars complete before.

The Larned deed, however, was not recorded until April 16, 1874. Meantime, on May 18, 1866, Hastings executed another conveyance to John, Levi and Hubbard Trowbridge, and under this deed defendant Levi Trowbridge now claims the land. This last deed was at once placed upon record, and Levi Trowbridge claims the protection of the registry laws as a *bona fide* purchaser in good faith.

The questions arising under this second deed by Hastings are, *First*, whether it purports to convey the land in dispute; and *second*, whether, if it does, it is not defeated by the notice of complainant's title derived from her actual possession of the land. The second question becomes immaterial if the first is answered adversely to the defendants. The deed purports, in consideration of one dollar, "to grant, bargain, sell, release and forever quit claim unto the parties of the second

part, and to their heirs and assigns forever, all the
right, title and interest of and now remaining in the
party of the first part, of, in and to all that piece or
parcel of land," etc., "known as the Mullett farm."
The deed is very short, and all that is important is
above given.

The statute provides that "a deed of quit claim and
release, of the form in common use, shall be sufficient
to pass all the estate which the grantor could lawfully
convey by a deed of bargain and sale." Comp. L., §
4205. Under this statute this instrument was sufficient
to convey what it purported to convey. But what was
that? It certainly does not assume to convey a certain
piece of land as the property of the grantor, but it cov-
ers only the "now remaining" interest of Hastings in
the Mullett farm. At that time Hastings had no inter-
est whatever in the premises now in controversy, because
he had previously conveyed them to Larned. How then
do the Trowbridges get those premises by this convey-
ance? Where a deed describes land by metes and bounds
or otherwise, and purports to convey it, the grantee, if a
purchaser for value without actual or constructive notice
of previous conveyances, is entitled to claim what is
described; but when one receives a conveyance of a
"remaining" interest, the description itself limits the
operative words to the interest remaining unconveyed.
The grantee purchases nothing further, and the grantor
assumes to convey nothing more. The deed under the
recording laws defeats no prior unrecorded conveyance,
because it is not a second conveyance of anything pre-
viously conveyed. Both deeds may and do well stand
together.

This conclusion renders needless any further exam-
ination of complainant's title, as it shows her to have a
better right than the defendant Levi Trowbridge can
claim, deduced from the same source of title. It is
immaterial whether her other claim of conveyances, or
her possession, would or would not strengthen this show-

ing. She may safely, as against these defendants, stand upon the rights derived from Hastings through Larned. We think, also, that she has shown a sufficient possession to entitle her to file this bill.

The decree of the court below in favor of the complainant must be affirmed with costs.

MARSTON and GRAVES, JJ., concurred; CAMPBELL, C. J., concurred in the result.