# Morgan, Adm'r, *v.* Morgan.

## Bill in Equity for Settlement of Partnership Accounts, and to Declare Trust on Property Purchased with Partnership funds.

1. *Non- claim, statute of ; bill for settlement of partnership accounts and recovery of balance due is within.*—A claim against the estate of the last surviving partner in favor of the personal representative or heirs of the partner first deceased, for a settlement of the partnership accounts, and a recovery of the balance due, is within the Alabama statute of non-claim (Code, § 2597), and is also within the Arkansas statute of non-claim, which is proved to be two years, and the bill in this case not having been filed until after the expiration of four years from the death of the last surviving partner, and there being no proof of presentation to a personal representative in either State, although an administration was had in both States, within the period prescribed in their respective statutes, such claim is, as a money demand, barred.

2. *Same ; fraudulent concealment, as averred in this case, does not prevent operation of.*—If fraudulent concealment can take a case out of the operation of the statute of non-claim, the averments of the bill in this case are not sufficient for that purpose, since it sets forth no facts constituting the alleged fraud, nor does it state any means employed to conceal the facts from the complainant.

3. *Same ; when bars claims of heirs of deceased partner to land purchased with partnership money.*—When a surviving partner invests in lands money belonging to the partnership, or belonging entirely to the estate of a deceased partner, taking the title in his own name, the heirs or representatives of the deceased partner may at their option ratify the investment and claim their proportionate part or interest therein, or recover the money so invested without their authority, and fasten a lien on the land for its repayment, but until they assert their right to the land their claim is a money demand, springing out of contract, and if it has become barred by the statute of non-claim, can be the foundation of a claim to the lands.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. CHARLES TURNER.

This was a bill in equity filed September 6, 1879, by S. T. Morgan as administrator *de bonis non* of the estate of Daniel D. Morgan and others, against Lula C. Morgan, the widow of J. G. Morgan, deceased.

The averments of the bill, the demurrer thereto, the pleas of the defendant, and also the demurrers to them, are sufficiently stated in the opinion of the court.

The decrees of the Chancellor in overruling the demurrers to the pleas, in sustaining the demurrers to the bill, and in dismissing the bill, are assigned as error.

S. A. M. WOOD, and A. B. McEACHIN, for appellants.

[Morgan, Adm'r, v. Morgan.]

1. The surviving partner and the heirs of the deceased part-ner become tenants in common of the realty and not the sur-viving partner, and the administrator of the deceased part-ner.—Parsons on Partnership, 373; Waite's Actions and De-fenses, vol. 5, 120; *Dyer v. Clarke*, 5 Wheat. 562; *Lang's Heirs v. Waring*, 25 Ala. 625; *Andrews' Heirs and Adm'r v. Brown, Adm'r et als.*, 27 Ala. 437; Tiffany & Bullard on Trusts and Trustees, 98–490.

2. A court of equity will go so far as to dispense entirely with administration on an estate when there is no actual necessity for the same.—*Fretwell v. McLemore*, 52 Ala. 133; *Hare v. Richards*, 1 Mason, 381; *Marshall v. Crow*, 29 Ala. 298; *Bethea v. McCall*, 5 Ala. 315; *Turner v. Johnson*, 20 Ala. 482.

3. The surviving partner was a trustee for the heirs of the deceased partner, and the trust was one which a court of equity has a "peculiar and exclusive jurisdiction," and there-fore the statute of limitations is inapplicable in the case. The demand is purely equitable.—Parsons on Partnership, 441-2-3-4-58; Waite's Actions and Defenses, vol. 5, 143, 130, 237; vol. 7, 269, 270; Brickell's Digest, vol. 1, § 10, par. 207-330; *Couster v. Wharton, Adm'r*, 52 Ala. 358; *Little v. Snedecor*, 52 Ala. 136; *Ex parte Ruffin*, 6 Ves. 126; *Marlett v. Jackson*, 3 Ala. 287; *Fretwell v. McLemore*, 52 Ala. 124; *Case v. Abell*, 1 Paige, 393; *Michou v. Girod*, 4 How. (U. S.) 51; *Murray v. Murray*, 5 Johns. Ch. 60; Tiffany & Bullard on Trusts and Trustees, 717; *Greenlee's Adm'r v. Greenlee et al.* 62 Ala. 330; Hill on Trustees, 268; *Offutt v. Scott*, 47 Ala. 104; *Askew v. Harper*, 28 Ala. 634; *Carrington v. Manning's Heirs*, 13 Ala. 611. The Statute of Limitations does not ap-ply to those cases of direct trust in which the *cestui que trust* has not a full and adequate legal remedy.—*White v. Sheldon*, 4 Nev. 280; *Hall v. Russell*, 3 San. 506. The allegations of fraud take this case out of the operation of the statute of limitations.

4. The appellants claim their distributive share in the partnership property, which first passed into the possession of John G. Morgan as surviving partner, and finally into the possession of his administrators and heirs. They claim no debt, but claim as heirs—a purely equitable estate. The statute of non-claim is no bar to this action, and this cause of demurrer should have not been sustained.—*Harrison's Adm'r v. Harrison's Distributees*, 39 Ala. 489; 30 Ala. 143; 44 Ala. 92; 26 Ala. 324; 1 Ala. 708; 2 Ala. 337.

J. M. MARTIN, and HARGROVE & LEWIS, for appellees.
1. The simple allegation of fraud will not avoid the bar of

[Morgan, Adm'r, v. Morgan.]

the statute of limitations in this cause.—Code of Ala. § 3242 ; *Porter v. Smith*, 65 Ala.

2. The cause of action set forth in the bill is barred by the statute of non-claim, unless avoided on good and sufficient grounds.—Digest of the Laws of Arkansas for 1874, § 60 ; *Walker v. Byers*, 14 Arkansas, 246. The claim of complainant is also barred by the statute of non-claim of Alabama.—Code, § 2597 ; *McDowell, Adm'r v. Jones, Adm'r*, 58 Ala. 31 ; *Jones' Ex'rs v. Lightfoot*, 10 Ala. 17.

3. The demand of complainant is stale and should not be countenanced by a court of equity, independently of the statutes of limitation and non-claim.—*Johnson v. Johnson*, 5 Ala. 90 ; *Roy v. Bogart*, 2 Johnson's Cases, 436 ; *McKnight v. Taylor*, 1 Howard, 161 ; *Sullivan v. Portland R. R. Co.* 4 Otto, 806 ; *Brown v. County of Buena Vista*, 5 Otto, 160 ; 3 Wall. 94 ; *Ellison v. Maffett*, 1 Johnson Ch. 46.

STONE, J.—The present suit grew out of an alleged partnership in planting between Samuel D. Morgan, complainant's intestate, and John G. Morgan, through whom defendants claim. The partnership had its situs and place of business operations in the State of Arkansas, and went into operation in 1860. Samuel D. Morgan resided in North Carolina, and died intestate in 1864. John G. Morgan resided in Arkansas, personally superintended the affairs of the partnership, and died a resident of that State in August, 1875. In 1872, John G. Morgan invested some fourteen thousand dollars in real estate in the city of Tuscaloosa, Alabama, which real estate is the chief subject of controversy in the present suit. Moneys, alleged to be in the possession of Mrs. Morgan, the widow, are also sought to be subjected to complainant's claim. The bill avers these were profits and proceeds of the partnership operations in planting, amounting to fifty thousand dollars ; that the said John G. had no other means, or source of income; that he owed to his deceased partner a large sum on partnership accounts, amounting to fifty thousand dollars ; that of the sum thus realized from partnership operations, after some intermediate adventures, he had purchased and paid for the said real estate in Tuscaloosa ; and that the sum in the hands of Mrs. Morgan, the widow, was also part and parcel, of such products and proceeds. The bill was filed September 6th, 1879, and seeks to have a settlement of the partnership account, and a trust fastened on said property to pay the sum due complainant's estate. The defenses relied on all center in lapse of time, presented by demurrer and by pleas, in various

[Morgan, Adm'r, v. Morgan.]

forms. One ground of demurrer to the bill as amended, is the statute of non-claim of the State of Alabama. The amended bill avers there had been an admistration in the State of Alabama, which had been completed and settled up, and that the claim sued on had never been presented, until the present bill was filed. The bill is not specific as to the date of the Alabama administration, nor the length of time it had continued when this suit was commenced. It, however, fails to aver presentation within eighteen months, and offers an excuse for not doing so. Counsel, in their argument, treat the question as fairly raised by the record, and we shall so treat it. Four years had elapsed after the death of John G. Morgan, and we suppose, in the state of the pleadings, the administration had been granted more than eighteen months. It was so considered by the Chancellor, and no objection is here urged against his so treating the question.

The other defense relied on is shown in plea No. 3 of defendant. It sets forth that there was administration granted in Arkansas, on the estate of John G. Morgan, in August, 1875, and that the claim sued on was never presented or exhibited "in behalf of said complainant, or in behalf of the said Samuel D. Morgan, or his estate, to the administrator of said John G. Morgan as a claim against the estate of said John G.; and no claim or demand, whatsoever, was ever exhibited or presented in behalf of said complainant, or in behalf of the estate of said Samuel D. Morgan, deceased, until his said bill of complaint was filed in this court." This, it will be observed, was four years. The plea then sets forth the Arkansas statute, which declares that "if such claim be not exhibited within two years from the date of such letters, they shall be forever barred and precluded from any benefit in such estate." There was a demurrer by defendant to the bill as amended, assigning as one ground the failure of the bill to aver presentation of the claim within eighteen months, to the Alabama administrator. This demurrer the Chancellor sustained. There was also a demurrer by complainant to the plea setting up the Arkansas statute of non-claim. This demurrer was overruled by the Chancellor; and complainant declining to take issue, or controvert the facts set up in the plea, the Chancellor dismissed the bill.

In the bill it is averred that complainants did not become cognizant of their rights until shortly before the present suit was commenced, and the bill contains the general charge that John G. Morgan fraudulently invested the partnership moneys in property, including that sought to be condemned in this suit, and that he fraudulently concealed the facts from

complainant, and from those representing Samuel D. Morgan's estate. It sets forth no facts, constituting the alleged fraud, save the investment of partnership money in the purchase of property, taking the title in his individual name, and it says nothing about any means employed to conceal the facts from complainant. In Sto. Eq. Pl. § 251a it is said "There has been considerable discussion in the English equity courts, within the last few years, in regard to the extent to which the facts constituting a fraud should be detailed in the bill. In a very recent case it was held that an allegation of frand was insufficient, without a statement of the circumstances constituting the fraud. Fraud, it is said, is a conclusion of law, and it is insufficient to allege that a deed has been obtained by fraud, unless the things done, constituting such fraud, are stated on the face of the bill." *Johnson v. Johnson,* 5 Ala. 90.

The bill in the present case, as we have said, does not aver any act or artifice of concealment resorted to by John G. Morgan. All that is charged against him, so far as the bill informs us, may have been done in the broad light of day, and known and read of all men who took on themselves the trouble or curiosity to inquire. The family and personal representative of Samuel D. Morgan must have had knowledge of the formation of the partnership, and the nature and extent of it. The bill does not deny such knowledge. They knew when Samuel D. Morgan died, and the law charges them with knowledge that his death worked a dissolution of the partnership. Why, with this knowledge, and with the further knowledge or belief, as averred in the bill, that all the capital of the firm was put in by Samuel D. Morgan, they slept on their rights, and made no inquiry about these very valuable interests for near, or quite, fifteen years, is not attempted to be explained. We think the bill wholly fails to show a case of fraudulent concealment, if that could be adjudged an answer to the defense of non-claim. As a mere money demand, there can be no question that the statutes of non-claim, both of this State, and of the State of Arkansas, are a complete bar to all relief prayed in the present bill. *Jones v. Lightfoot,* 10 Ala. 17 ; *Fretwell v. McLemore,* 52 Ala. 124, 139 ; *McDowell v. Jones,* 58 Ala. 25 ; *State Bank v. Walker,* 14 Ark. 234.

If it be contended that inasmuch as John G. Morgan converted the money into property during his lifetime, this is not a suit on a claim or demand for money, but a suit for the property into which the money was converted, and therefore not within the statute of non-claim, the answer is two-fold. First : the money with which the land was purchased is not

[Washington v. The State.]

alleged to have belonged entirely to Samuel D. Morgan's estate. The bill charges the lands were bought with partnership moneys, and therefore the only right Samuel D. Morgan's heirs or representatives could assert would be, to be let in to the enjoyment of the property as a tenant in common, or, to recover their share of the money, thus invested without their authority, and to have a lien and trust fastened on the land for its repayment. Either the one or the other, at their option. Second: But, if the entire money thus invested had belonged to the estate of Samuel D. Morgan, this, without more, would not have converted the money into lands, so far as the rights of his heirs and representatives were concerned. They could not have been forced to accept the land instead of the money. Until they elected to ratify the conversion and claim the land, it was not theirs. In either state of the case, they had a mere option to claim the money, or the land, in whole, or in part; and, until they did so assert their claim to the land, their claim was a money demand, springing out of contract.—Perry on Trusts, § 835 ; *Preston v. McMillan*, 58 Ala. 84. Before this bill was filed, their money demand had become barred, and they were without foundation on which to rest a claim to the land.—*Smith v. Perry*, 56 Ala. 266.

Affirmed.