MARIE ROSE DE MEY AND EDWARD B. BAGARD v. PETER
B. DEFER.

*Bankruptcy—Deed from assignee—Bona fide purchaser—Mortgage
foreclosure—Redemption—Improvements—Rents and profits.*

1. A deed from an assignee in bankruptcy, which on its face purports to convey only the "right, title, and interest" of the bankrupt, vests in the grantee the title to the land subject to all of the equities with which it was chargeable in the bankrupt's hands.

2. A married woman mortgaged her land to secure her husband's debt. After her death, by agreement with her husband, the mortgage was foreclosed at law, and on the sale the land was bid in by a third party for the amount due on the mortgage and the expenses of foreclosure. The purchaser paid part of the purchase price by executing to the mortgagee a new mortgage for the principal sum secured by the old mortgage, and the remainder was paid by the husband of the mortgagor.

103 239|
|103 533|
103    239|
127    578|
103    239|
s61ᴺᵂ  524|
D168ᵁˢ 703|
D42ᴸᵉᵈ1211|
D18ˢᶜ  941|

The purchaser then mortgaged the land to secure the claim of one of his creditors. He was afterwards adjudicated a bankrupt, and the creditor acquired by purchase from the assignee all of the interest of the bankrupt in the mortgaged premises, after which he paid the first mortgage and discharged his own mortgage. The heirs of the first mortgagor, who were infants at the time of her death, tendered to the second mortgagee the amount due on the mortgage so foreclosed, and, upon his refusal to accept said tender and execute to them a quitclaim deed of the land, filed a bill to redeem from the foreclosure. And it is held that the bill seems to have been filed in recognition of the validity of the claim of the first mortgagee, and asks that an account be taken of the amount due for principal and interest on the mortgage; that the entire transaction of substituting the second mortgage for the first one should be taken together, and it is not inequitable that the land should be charged with this indebtedness, which has never in fact been paid.

3. The defendant contended that, if the bankruptcy sale did not vest full title in him, as the discharge of his mortgage was made under a mistake of fact, complainants should be required, as a condition to relief, to pay the amount of said mortgage, together with the amount paid on the first mortgage. Complainants met this contention with the claim that, as the mortgage was given to secure an antecedent debt, the defendant could not be treated as a *bona fide* purchaser. The pleadings were not so framed as to admit of this defense, but the question was litigated in the court below. And it is held:

*a*—That as the defendant, upon the occasion of accepting the mortgage, which he did in good faith, and without notice of complainants' rights, extended the time of payment of the amount secured, he must be held a *bona fide* purchaser, to the extent of his mortgage interest.

*b*—That the case will be remanded, with leave to the defendant to amend his answer by setting up his claim under his mortgage; that either party may, within a reasonable time after the amendment, offer further proofs upon that subject; that, to determine the rights of the parties, an accounting shall be had; that on such accounting the defendant will be entitled to an allowance for the amount paid on the first mortgage, with interest, and, if the court shall so determine, for the amount of his own mortgage, with interest; that defendant will also be entitled to an allowance for the increased value of the land by reason of improvements by him made in the honest belief on his part, as appears from the testimony, that he had acquired title by his purchase from the assignee

in bankruptcy; that complainants may offset the rents and profits of the land, but not the increase of rental value due to improvements, and will be entitled to redeem upon payment of the balance found due to defendant after deducting the rents and profits, and will recover costs of both courts.

Appeal from Wayne. (Carpenter, J.) Argued October 2, 1894. Decided December 22, 1894.

Bill to redeem from a mortgage foreclosure. Complainants appeal. Decree reversed, and record remanded for an accounting. The facts are stated in the opinion.

*George Gartner,* for complainants.

*Moore & Moore,* for defendant.

MONTGOMERY, J. This is a bill filed to redeem from a foreclosure upon a mortgage executed by complainants' mother, Marie G. Bagard.

The facts of the case are that on the 1st of April, 1871, Marie G. Bagard was the owner of lot 3 of the subdivision of the St. Jean farm, being part of private claim 26 in the township of Grosse Pointe, Wayne county. On that day she executed to Maria D. Tracy a mortgage to secure the payment of $700 at the end of five years, with interest at the rate of 10 per cent. per annum, payable semi-annually, according to the conditions of a certain bond collateral thereto. In October, 1872; Marie G. Bagard died, leaving the two complainants, her children, and who are her sole heirs at law. The younger of these complainants became of age November 3, 1891, and this bill was filed shortly after. It appears that in 1874 there was due upon the mortgage one installment of interest, of $35, and Edward G. Bagard, the father of complainants, it is claimed, offered to pay such installment, and was also desirous of paying the principal sum, which was not yet

due, but that he was advised by the attorney of Mrs. Tracy that it would be more convenient, to control the property, to have a foreclosure upon the mortgage, and vest the title in a third party, and that this course was accordingly taken. The mortgage was foreclosed, and one John P. Hensien became the purchaser at the foreclosure sale for the sum of $840. The consideration was paid, $140 by Edward G. Bagard, and $700 by executing to Mrs. Tracy a new mortgage upon the same premises, payable in four years, with a like rate of interest, of 10 per cent. per annum. The title thus resting in Hensien, he, on the 31st of January, 1877, executed to Peter B. Defer, the defendant, a mortgage upon the property, conditioned for the payment of $3,000 within three years, with interest at 10 per cent. This mortgage was given as security for moneys theretofore advanced, and upon no new consideration, save that there was an extension of time upon the indebtedness to the date of the maturity of the mortgage thus executed. On the 13th of April, 1878, Hensien went into bankruptcy, under the United States bankruptcy act, and on the 18th of April the assignee in bankruptcy of Hensien sold all the right, title, and interest of said Hensien in the property in question to Defer, the defendant, for the consideration of $18. Defer thereupon paid off the Tracy mortgage, and discharged of record the mortgage executed to him. On December 2, 1891, complainants tendered the sum of $2,300 in satisfaction of the amount due upon the Tracy mortgage, with interest, and requested the execution of a quitclaim deed from defendant, which was refused, and complainants thereupon filed the present bill. Upon the final hearing the bill was dismissed, and complainants appeal.

The theory of complainants is that the transaction by which Edward G. Bagard sought to vest the title to this

property in Hensien, and to use it to satisfy his own debt,[1] was a legal fraud upon the complainants, and that the defendant occupies no better position than would Hensien, were he still the owner of the title. Defendant does not seriously contend that complainants are not equitably the owners of the land, as between them and Hensien, but he contends—*First*, that, by virtue of the conveyance from the assignee in bankruptcy, defendant acquired the legal title to the property, divested of the latent equities in favor of the complainants, and subject only to the mortgages given to Mrs. Tracy and himself; and, *second*, that, even if it should not be held that defendant is entitled to the rights of a *bona fide* purchaser by virtue of his purchase from the assignee in bankruptcy, he was at least a *bona fide* mortgagee to the extent of the mortgage given by Hensien, and that, the mortgage having been canceled under a misapprehension of fact, he is entitled, in equity, to have the cancellation treated as of no effect.

Was the defendant, by virtue of his purchase from the assignee in bankruptcy, under the circumstances disclosed in this case, entitled to the rights of a *bona fide* purchaser? The circuit judge was of the opinion that he was, and, if he was correct in this conclusion, it is an end of the complainants' case. The authorities are not altogether harmonious upon this question. In Webb on Record of Title (section 213) it is stated:

"The rule of *caveat emptor* applies to bankrupt sales, and the purchaser takes the property subject to all the equities with which it was chargeable in the hands of the bankrupt;" citing *Fletcher v. Ellison*, 1 Tex. Unrep. Cas. 662; *Baker v. Vining*, 30 Me. 121; *Anderson v. Miller*, 7 Smedes & M. 586.

---

[1] Edward G. Bagard joined with his wife in the mortgage and bond first executed to Mrs. Tracy, and the loan was made for his benefit.

There are, however, cases which hold the contrary doctrine. See *Holbrook v. Dickenson*, 56 Ill. 497; *Moorman v. Arthur*, 90 Va. 455. See, also, as sustaining the contention of complainants, *Smith v. Perry*, 56 Ala. 266.

We think it unnecessary to determine whether, on a conveyance by the assignee in bankruptcy, which on its face purports to convey the title, the grantee may be deemed a *bona fide* purchaser. In the present case the deed of conveyance is not produced. Its terms are to be gathered from the averments of the bill and answer. The bill alleges that—

"On the 18th day of April, 1878, the said assignee sold all the right, title, and interest of the said John P. Hensien to Peter B. Defer."

The answer, upon this point, is as follows:

"Defendant admits that he acquired all the rights of said John P. Hensien, and alleges that those rights were the absolute title to said land."

We cannot infer from these averments that there was any attempt to convey anything beyond the actual interest of the bankrupt, and the case comes distinctly within the ruling of *Smith v. Perry*, *supra*. See, also, *Eaton v. Trowbridge*, 38 Mich. 454; *De Veaux v. Fosbender*, 57 Id. 579; *Culbertson v. Witbeck Co.*, 92 Id. 469, 480.

It is contended that Mrs. Tracy acquired no rights by virtue of the mortgage executed to her by Hensien, and that defendant has no greater rights than Mrs. Tracy. It is, perhaps, sufficient to say that the bill seems to have been filed in recognition of the validity of the claim of Mrs. Tracy, and asks that an account be taken of the amount due for principal and interest on the mortgage. The whole transaction of substituting the second Tracy mortgage for the first should be taken together, and it is certainly not inequitable that the land should be charged with this indebtedness, which has never been in fact paid.

Complainants seek to have the foreclosure sale set aside. It certainly would be inequitable to grant this relief without at the same time reviving the mortgage, which was only extinguished, if extinguished at all, by such sale.

It is also contended that the defendant was chargeable with notice in fact of the complainants' rights, or of sufficient to put him upon inquiry as to those rights, before he became a purchaser or mortgagee. We have examined the record with reference to this question with care, and agree with the opinion of the circuit judge in that regard,— that the defendant is not so chargeable with notice in fact.

But defendant contends that he is entitled to further relief; that if it be held that the bankruptcy sale did not vest full title in defendant, as the discharge of his mortgage was made under a mistake of fact, complainants should be required, as a condition to relief, to pay the amount of such mortgage, together with the amount paid on the Tracy mortgage. If he occupies the position of a good-faith mortgagee, and the pleadings admit this defense, this contention should be allowed. But complainants contend that, as the $3,000 mortgage was given to secure an antecedent debt, the defendant cannot be treated as a *bona fide* purchaser. This would be true if the position of the mortgagee were unchanged, but, as before stated, the defendant, upon the occasion of accepting the mortgage, extended the time for the payment of the amount secured three years. He accepted this mortgage in good faith, and without notice of complainants' rights. We think, under these circumstances, he must be held a *bona fide* purchaser, to the extent of his mortgage interest. See 2 White & T. Lead. Cas. Eq. 33, 85; *Boxheimer v. Gunn*, 24 Mich. 379; *Hanold v. Kays*, 64 Id. 439; *Cary v. White*, 52 N. Y. 138.

But it is further contended that the pleadings do not admit of this defense. This is true. The question seems

to have been litigated, however, in the court below, and we think defendant should not be wholly cut off from the opportunity to make the defense.

The case will be remanded, with leave to defendant to amend his answer by setting up his claim under this mortgage, and either party may, within a reasonable time after the amendment, offer further proofs upon the subject. To determine the rights of the parties, an accounting shall be had. On the accounting, defendant will be entitled to an allowance for the amount of the Tracy mortgage, with interest, and, if the court shall so determine, for the amount of the mortgage executed to him, with interest. Defendant will also be entitled to have an allowance for the increased value of the land by reason of the improvements. We have not overlooked the complainants' contention that defendant had notice before the improvements were made of the defect in the title, but we are convinced that these improvements were made in the honest belief on the part of defendant that he had acquired title by his purchase from Hensien's assignee in bankruptcy. Complainants will be permitted to offset the rents and profits of the land, but not the increase of rental value due to improvements, and will be entitled to redeem upon payment of the balance found due to defendant after deducting the rents and profits. Complainants will recover costs of both courts.

McGRATH, C. J., LONG and GRANT, JJ., concurred. HOOKER, J., did not sit.