HOWELL *v.* LANSING & SUBURBAN TRACTION CO.[1]

CORPORATIONS — CONSOLIDATION — WHAT CONSTITUTES — DEBTS — LIABILITY.

> A corporation having been organized for the purpose of taking over two existing corporations, one of the old corporations, substantially simultaneously with the acquisition by the new one of the property of the other, entered into an agreement with the new corporation whereby it conveyed all its property to the new corporation on consideration of a certain number of shares of the new company's stock and the payment of the debts of the old corporation, including its bonded indebtedness. The same men held all the stock in the two companies. *Held,* that the transaction amounted to a consolidation, making the new corporation liable for the debts of the old.

Error to Ingham; Wiest, J. Submitted June 12, 1906. (Docket No. 54.) Decided December 3, 1906.

Assumpsit by Sarah E. Howell against the Lansing & Suburban Traction Company on a judgment against defendant's predecessor. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Moore, Brown, Miller & Ladd,* for appellant.

*Frank L. Dodge* and *Black & Reasoner,* for appellee.

MONTGOMERY, J. The plaintiff was, on the 9th of March, 1904, the owner of a right of action against the Lansing City Electric Railway Company, which at that date was in judgment. The judgment was afterwards reversed, but on a new trial another judgment was awarded to the plaintiff on January 3, 1905, for $6,498.88. This action is brought to recover the amount of that judgment of defendant, as successor to the Lansing City

---

[1] Rehearing denied March 6, 1907.

Electric Railway Company.  The right of action is based upon proceedings taken by the defendant company, the Lansing City Electric Railway Company, and the Lansing, St. Johns & St. Louis Railway, which action is claimed to amount to a consolidation of the two companies in such sense as to make the defendant liable for the debts and obligations of the Lansing City Electric Railway Company, under the rule laid down by this court, in *Shadford* v. *Railway*, 130 Mich. 300.  A demurrer to the declaration was the first pleading interposed by defendant.  The demurrer was overruled, and defendant then interposed a plea of the general issue.  On the trial action was taken which is treated as in effect a direction of a verdict for plaintiff.  Defendant brings error, and insists that the declaration states no cause of action, and that the evidence is not sufficient to show a consolidation.

Of the demurrer, it is sufficient to say that the declaration contains a statement of the facts, which plaintiff now asserts as a basis for recovery, and that, if the plaintiff is right in assuming that the defendant's so-called purchase of the rights and property of the Lansing City Electric Railway constituted a consolidation of two roads, the declaration is sufficient.  It is averred and proved that after the organization of defendant for the purpose of taking over the Lansing, St. Johns & St. Louis Railway and the Lansing City Electric Railway, and substantially simultaneously with the acquisition by the defendant of the property of the Lansing, St. Johns & St. Louis Railway, the defendant and the Lansing City Electric Railway entered into an agreement, whereby the latter company conveyed all its property of every description to defendant upon the sole consideration that defendant should issue to the stockholders in the Lansing City Electric Railway 9,000 shares of the capital stock in defendant company, and should assume and pay the debts of the Lansing City Electric Railway Company, including its bonded indebtedness.  The same men held all the stock in the two companies.  The case can only be distinguished

from *Shadford* v. *Railway* in the fact that a new issue of bonds was not provided so far as the evidence shows. This does not affect the result. In the *Shadford Case,* as in the present, unsecured debts were left to be paid by the new company. It cannot affect the principle that the debts were secured. In all other substantial respects the *Shadford Case* is on all fours with the present.

It is suggested in the brief of counsel that the record fails to show that the stock of defendant was issued in lieu of stock of the Lansing City Electric Railway Company. This is not only technical, but it is inaccurate in that the statement ignores the inferences which are the only ones to be drawn from the facts. The resolution of the Lansing City Electric board of directors provided for a transfer of all the property of the company in consideration of the issue of stock in the new company. It does appear that the property was all transferred, and is possessed by defendant. And the defendant's secretary testified that no *other* consideration passed to the Lansing City Electric Railway Company than that mentioned in the resolution. It is evident that the scheme included a substitution of stock in the new company for that held in the old. The case is not to be distinguished from *Shadford's Case.*

Judgment affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.