FISK v. STATE SAVINGS BANK OF ANN ARBOR.

1. BANKRUPTCY—EQUITIES—GRANTEE OF TRUSTEE IN BANKRUPTCY TOOK ONLY SUCH TITLE AS BANKRUPT HAD.

Where a bankrupt corporation had no record title to land, and such rights, if any, as it had therein were subject to the rights of creditors of its predecessor, the grantee of the trustee in bankruptcy took no greater rights than the bankrupt possessed.

2. EXECUTIONS—EXEMPTIONS—NOTICE OF LEVY.

Where plaintiff was in possession of land as grantee of one having no legal or equitable title, such possession was constructive notice, under 3 Comp. Laws 1915, § 12898, relating to filing notice of levy and effect thereof, only of such rights as he possessed.

3. QUIETING TITLE — PLAINTIFF HAS BURDEN OF ESTABLISHING TITLE.

In a suit to quiet title the plaintiff has the burden of establishing a reasonably clear title in himself.

4. SAME—TITLE TO LAND—POSSESSION PRIMA FACIE EVIDENCE OF TITLE.

The grantee of a trustee in bankruptcy does not occupy the position of an innocent purchaser where the bankrupt had no legal or equitable title to convey, and is in no position to assert that the possession of the bankrupt was *prima facie* evidence of its title.

5. SAME—PLAINTIFF PLACES HIS TITLE IN ISSUE.

Possession is but *prima facie* evidence of title in a grantor, and where a grantee invokes the aid of the court by suit to quiet title, he places his title in issue and must succeed, if at all, on the strength of it.

6. CORPORATIONS — REORGANIZATION — CONSIDERATION—CREDITOR OF OLD CORPORATION MAY FOLLOW PROPERTY.

Where there was a reorganization of a corporation without any consideration passing from the new to the old corporation for its assets, the old and the new corporations held the property of the old corporation subject to the

debts and as trustees for the creditors of the old corporation, and a creditor of the latter had a right to follow the property to the new corporation and was not compelled to share with the other later creditors of the new corporation which had gone into bankruptcy.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 10, 1923.  (Docket No. 62.)  Decided December 19, 1923.

Bill by Louis E. Fisk against the State Savings Bank of Ann Arbor and another to quiet title to land.  Defendants filed a cross-bill to establish a judgment lien. From a decree for defendants, plaintiff appeals.  Affirmed.

*Joslyn, Finkelston, Lovejoy & Chilson,* for plaintiff.

*Arthur Brown* and *Henry B. Graves,* for defendants.

WIEST, C. J.  Bill to quiet title to two and one-half acres of land against a levy on execution.  Plaintiff purchased the equity of the Ann Arbor Machine Corporation, if any, in the premises, on sale thereof by a trustee in bankruptcy December 23, 1920.  Defendant Savings Bank foreclosed a mortgage given it December 16, 1919, by the Ann Arbor Machine Company, for $30,000, but not covering the land here involved, and upon sale, under decree, there was a deficiency of $7,000.  An execution was duly issued for such deficiency and levy made upon the premises so deeded by the trustee in bankruptcy to plaintiff, and of which he had possession.  In the course of the opinion when we speak of defendant we mean the State Savings Bank of Ann Arbor.

The Ann Arbor Machine Company was a Michigan corporation and financially embarrassed.  It owned the premises in suit and used the same in connection

with its business. The stockholders of the Ann Arbor Machine Company organized the Ann Arbor Machine Corporation, under the laws of the State of Delaware, turned all their stock over to the new corporation, directed the transfer of all assets of the old to the new corporation, without requiring express assumption of the debts, and became stockholders of the new corporation by virtue of their holdings in the old company, and elected the officers of the old officers of the new company. Nothing was paid by the new company to the old company for its assets and property. In some way unexplained if a deed was executed conveying the premises in suit to the new corporation it was not recorded and was lost or destroyed.

The new corporation was adjudged a bankrupt September 15, 1920, the premises in suit listed as a part of its assets, ordered sold, and sold by the trustee to plaintiff. When defendant bank took out execution to collect the deficiency on its mortgage the record title to the premises in suit stood in the name of the Ann Arbor Machine Company and levy was made thereon by defendant sheriff. This is the claimed cloud on plaintiff's title. The trustee's deed to plaintiff conveyed only the "right, title and interest" the trustee held and that could be no more than the bankrupt had. The bankrupt had no title of record, and it is not made clear whether it ever had a deed, although it is certain a deed was intended to be given. Plaintiff's deed from the trustee was of record when the levy was made, and he was in possession, and, therefore, plaintiff claims defendant bank had record as well as constructive notice of its ownership, and could not, by levy, obtain a position allowing assertion of equities superior to plaintiff's. With plaintiff in possession, claiming title under a deed from one having no title of record, was defendant bound to search

out his claim of right, or had it a right to levy on the land standing in the chain of title of record in the name of its execution debtor?

It is not a question of *bona fides* on the part of defendant, but one of priority of rights as between the parties arising out of superior equities which confronts us. Upon this we may consider the mortgage obligation, liability of the mortgagor, and of its assets for deficiency, intended transfer of all corporate property by the mortgagor for the benefit of its stockholders in the reorganization without carrying along therewith an express obligation on the part of the reorganized corporation to pay the debts, failure to record transfer of title, if any was made by defendant's judgment debtor to plaintiff's grantor through the trustee in bankruptcy.

The trial judge held that when the reorganized corporation took over the property of the Ann Arbor Machine Company it did so subject to the debts of that company and, as defendant then held a mortgage upon property which afterward, upon foreclosure, proved inadequate to satisfy the debt, and for which the old company was liable, it had a right to follow and to look to the property of its debtor in the hands of the Ann Arbor Machine Corporation to satisfy the deficiency.

While planting decision upon the ground just mentioned the circuit judge also entertained the opinion that the evidence fell short of establishing delivery of a deed of the premises to the new corporation. In order to quiet title against defendant's levy plaintiff had to show title in himself. In the deed by the trustee in bankruptcy plaintiff got only what the trustee had to give. The trustee had no more to give than the bankrupt had. The bankrupt had no title of record and, as said before, we are not persuaded that it ever had a deed. If it had no

deed, and was entitled to one under the vote of the stockholders of the old corporation, it could not now under the circumstances of its organization and scheme of taking over the property of the old corporation, claim ownership as against defendant's levy if there had been no bankruptcy. Plaintiff in no event can claim any greater right to the property than was possessed by the Ann Arbor Machine Corporation. Title to real estate is vested somewhere all the time. Title to the premises was vested in the Ann Arbor Machine Company and there it must remain until by proper divestment the title is found in another.

Plaintiff invokes the latter part of section 12898, 3 Comp. Laws 1915, relating to filing notice of levy and effect thereof, as follows:

"And the lien thus obtained, shall, from the filing of such notice, be valid against all prior grantees and mortgagees of whose claims the party interested shall not have actual nor constructive notice,"

and insists his possession was constructive notice to defendant. Certainly notice of no more than plaintiff established at the hearing, and that was possession under a deed from a grantor having no legal or equitable title as against debts and obligations of the Ann Arbor Machine Company, and with title of record standing in the Ann Arbor Machine Company, the judgment debtor. It is possible the deed prepared by the attorney in Detroit and sent to Ann Arbor for execution was overlooked in the shuffle attending the transit from the old to the new corporation inasmuch as stockholders and officers of the old passed, without change, to the new corporation. Plaintiff had the burden of establishing a reasonably clear title in himself. *Malliat* v. *Vogel*, 125 Mich. 291, 296.

Possession by a grantor has been held to be *prima facie* evidence of title. *Gamble* v. *Horr*, 40 Mich. 561. But plaintiff, in purchasing from the trustee,

did not occupy the position of an innocent purchaser and is in no position to assert that the possession of the premises by the Ann Arbor Machine Corporation is *prima facie* evidence of title in such corporation. At the most possession is but *prima facie* evidence of title in a grantor and when plaintiff invoked the aid of the court he placed his title in issue and must succeed, if at all, on the strength of it.

The question here is not one of possession by plaintiff under an unrecorded deed, but one of want of title in the Ann Arbor Machine Corporation, his grantor, through trustee. Plaintiff's deed, at the most, invested title in him subject to all the equities with which it was chargeable in the bankrupt's hands. *DeMey* v. *Defer*, 103 Mich. 239. The trustee could not maintain such a suit as this as he only stood in the shoes of the bankrupt and took the property, not as an innocent purchaser, but subject to all valid equities. *Kalamazoo Trust Co.* v. *Merrill*, 159 Mich. 649, 656; *Marine Savings Bank* v. *Norton*, 160 Mich. 614. It follows that plaintiff has the same rights as the Ann Arbor Machine Corporation and no more. The whole scheme of reorganizing the Ann Arbor Machine Company into the Ann Arbor Machine Corporation changed but one word in the name, sent its charter parentage from Michigan to Delaware, with the same stockholders, officers, assets, property, business purposes, debts and obligations and duty to devote the property taken over in satisfaction of such debts. The old and new corporations held the property subject to debts and as trustees for creditors.

But, it is said, the trustee in bankruptcy sold the premises for the benefit of creditors and defendant may participate in distribution of the proceeds, it being conceded that the new corporation under the circumstances, in law, assumed the obligations of the old corporation. Does this remove the case from the

holdings in *Grenell* v. *Detroit Gas Co.*, 112 Mich. 70; *Shadford* v. *Railway*, 130 Mich. 300; *Howell* v. *Traction Co.*, 146 Mich. 450?

We agree with counsel for defendant in their statement:

"It was not within the power of the two corporations, without the consent of the State Savings Bank, to compel the latter to become a creditor of the Delaware corporation, and share with the other later creditors of this bankrupt corporation in the assets of the Michigan corporation."

Defendant had a right to follow the property to the new corporation, if it passed there, or levy on it as property of its judgment debtor inasmuch as title stood of record in such debtor's name. In the foreclosure case brought by defendant against the Ann Arbor Machine Company plaintiff herein was a party defendant, and one of the issues there was whether the Ann Arbor Machine Company had deeded its property to the Ann Arbor Machine Corporation, because, if it had, certain mechanics' liens claimed were inferior to defendant's mortgage. The existence of such deed, it is claimed, was not there established and the mechanics' liens obtained priority over the mortgage debt and this resulted in the deficiency for which execution levy was made.

We cannot find a deed was executed and delivered conveying the premises to the Ann Arbor Machine Corporation. If such a deed was executed and delivered then the premises were held by the new company subject to the debts of the old company and as trustee for creditors of the old company, and the trustee in bankruptcy could not and did not convey any greater right to plaintiff, and plaintiff was not and could not be an innocent purchaser for he was chargeable with notice of the rights and remedies of the old company under the scheme of reorganization

adopted.  Defendant's equities are superior to plaintiff's.

The decree is affirmed, with costs to defendant State Savings Bank.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.