## John A. Page v. David B. Webster and another.

A tenant in common of lands can acquire no title to the interest of his co-tenant, by bidding in the lands at a sale of the whole for delinquent taxes.

A bill in chancery for partition of lands held in common, set forth that defendant had purchased the lands at sales for taxes, which purchases were claimed to be void; and discovery was prayed with respect thereto, and that the same, be declared void :— *Held*, that the bill was not multifarious.

The executors and devisees of a deceased tenant in common, not asking partition among themselves, may jointly file a bill in chancery to have their interests in the land set off from that of the co-tenant.

A bill for partition by executor and devisees set forth, that the undivided interest was devised to the latter in common, with the power, nevertheless, in the executor to sell and dispose of the same :— *Held*, a sufficient statement of the respective interests of complainants, who asked no partition as between themselves.

*Heard April 27th. Decided May 29th.*

Questions reserved from Montcalm Circuit in chancery, where Canso Crane, one of the defendants, had interposed a demurrer to the bill of complaint, for multifariousness. The case is sufficiently stated in the opinion.

*A. & E. Gould*, for defendant Crane, to the point that the validity of his adverse claim could not be tested in a suit for partition, cited, 3 *Johns. Ch.* 302; 4 *Ibid.* 271; 1 *Ibid.* 111; 5 *Barb.* 62; 3 *Paige* 242; 5 *Denio.* 385; 2 *Barb. Ch. Pr.* 285.

*J. W. Longyear*, for complainant, on the question of multifariousness, referred to 1 *Dan. Ch. Pr.* 384 *and note*, 385; 1 *Hoff.* 290; 13 *Ill.* 95, 107; 6 *Dana*, 374; *Story Eq. Pl.* §§ 271, 530 *and note*, 539.

MARTIN CH. J.:

This bill is filed for partition of real estate held by the complainants and defendants as tenants in common. As to Webster, who is described as being the owner of an undivided one-fourth, the bill is taken as confessed. Crane is represented as the owner of another undivided one-fourth, and the bill further alleges that he has a pretended title which he claims to hold as adverse to that of his cotenants, but which is averred to be fraudulent and void;

and they ask to have it so declared in order that partition of the several interests of the owners may be made. The facts respecting this title are set out in the bill substantially as follows : The whole of the lands owned in common was sold at tax sales, for non-payment of taxes assessed thereon during the continuance of the tenancy in common; and upon such sales, the defendant Crane, being such co-tenant, bid off the same for the taxes of certain years, and for those of other years caused the land to be bid off by his brother, but for his own use, and, as the bill alleges, he took a transfer of the bids, and procured deeds from the Auditor General to be executed therefor to himself. Reed, in his life time, offered to pay Crane his proportion of such bids, and the interest, &c., and the complainants, who are his executor and devisees, are still ready and now offer to do so; but they also insist that such sales were invalid for irregularities, and that Crane's title is a cloud upon theirs which ought to be removed.

This, Crane contends, is an assertion and admission of an adverse title and claim in himself, which can not be litigated in this suit; but that the validity of his title this acquired should be first determined at law, and if found to be invalid, then this suit can be maintained.

It is unnecessary to determine whether, on a bill for partition between tenants in common, adverse titles or claims can be litigated and settled; because, if the allegations of this bill are true — and the demurrer admits their truth — Crane has no adverse title or claim. He occupies neither the position of one purchasing in an outstanding adverse title, nor of one purchasing from a *bona fide* purchaser at a tax sale, whose title had become absolute, whereby the co-tenancy had been dissolved. He stands simply as one who has paid upon compulsion taxes assessed against the property held by him in common with others.

The burden was cast upon him and his co-tenants to

pay the taxes assessed against the land. This each might have discharged, so far as his own interest was concerned, by paying his aliquot proportion of the tax ; and thus relieved such interest from the lien for the tax which the law imposed upon it. Had Crane done this, and afterwards bid in his co-tenants' interest sold for their default, perhaps a different rule might obtain, and he have acquired a good title as against them: but such is not this case, and no opinion is called for upon such a state of facts. But as they all neglected to discharge this burden, and as the coercive measure of a sale of the land was resorted to by the state to compel it, when Crane bid in, or procured another to bid in the land for him, and took the deeds to himself, he acquired thereby no title as against his co-tenants, as this was but another way of discharging such burden. He was in default himself; and his default, as well as that of the other co-tenants, occasioned the sale; and he can not be permitted to take advantage of his own neglect of duty, to acquire the title of others. So far as this suit is concerned, therefore, he stands in the precise situation in which he would, had he voluntarily paid the whole amount of taxes before sale. He has no title, but simply a right to compel contribution from his co-tenants; and the bill is not multifarious for averring the facts, the character of the purchase, and his adverse claims founded upon it; nor for praying relief against them in aid of the partition. — See *Lewis v. Robinson*, 10 *Watts*, 354; *Williams v. Gray*, 3 *Greenl.* 207; *Van Horne v. Fonday*, 5 *Johns. Ch.* 407.

Such being the rule, both of law and equity, complainants are entitled to the discovery sought; for if Crane's title be of the character charged in the bill, the court may and ought to declare it void, and no impediment in the way of making partition between these parties: — See *Overton v. Woolfolk*, 6 *Dana*, 374.

The interests of the several complainants are set forth

with sufficient particularity. The statute (*Comp. L.* §4619) requires that the bill shall set forth the rights and titles of all persons interested in the land, so far as the same are known to the complainant. These complainants proceed jointly as the executor and devisees of Hezekiah H. Reed, for a partition between the estate and these defendants. They ask no partition as between themselves. So far as the executor is concerned, he represents the whole title, and the devisees unite with him as interested in the subject matter, and submitting to be bound by the decree. This they may do, as indeed may all representatives of a single interest: — See *Hill. on Real Property*, 606.

The objection of the defendant Crane appears to be, that the interest of each complainant is not set out with sufficient particularity, and that the bill does not show in what proportions the complainants take under the will of Reed, nor in what manner Page has an interest in the land, nor how much that interest is. The bill avers that Hezekiah H. Reed, in his life time, was seized of the undivided one-half of the lands in question, and while so seized, died, leaving his last will and testament, whereby, among other things, Page was nominated his executor, and the land was devised in common to the other complainants, with the power nevertheless in such executor to sell and dispose of the same. There is no ambiguity in this statement of the interests of the several complainants, which, with the exception of that of Page, would necessarily be share and share alike; and Page's interest is stated with sufficient clearness as that of an executor with power to sell and dispose of the whole interest which the testator had in the land. I can perceive no necessity in any case for greater particularity; nor are we referred to any authorities or any principle of pleading requiring it. Sufficient is stated to enable the court to take the necessary proofs of the interests of the several parties, upon which to decree a partition; and especially in this case, where the complainants seek no partition as between themselves.

Let it be certified to the Circuit Court for the county of Montcalm, as the opinion of this court, that, upon the points reserved, the demurrer should be overruled.

The other Justices concurred.