Sneed, J.,
delivered the opinion of the court.
The complainants are heirs at law of Ephraim Broyles, deceased, who died in 1843 without issue, but leaving the defendant, Margaret, his widow, who, in 1848, became the wife of defendant WaddeL The heirs at law of Ephraim Broyles were his brothers and sisters, eleven in number, of whom three are the complainants in this bill, which they have brought for the partition of the real estate of said Ephraim.
The real estate consists of one tract of 160 acres, out of which dower has been allotted to the widow, upon which she and her husband, the defendant Wad-del, have resided for more than twenty years, during which time the defendant Waddel has possessed and *38 controlled the whole estate and taken the rents and profits, which he has exclusively enjoyed. In 1849 he became the owner, by purchase, of five-elevenths of the estate, and afterwards bought the interest of three of the other heirs; so that, for many years, in addition to the life estate of his wife, he has been the actual owner of eight-elevenths of the whole as tenant in common with these three complainants. In this long interval of time, by good husbandry and management, the land has been greatly enhanced in value, so that it is now shown to be of almost double-the value that it was at the time the defendant Wad-del took charge of the whole estate in 1850. He claims to have placed upon the land certain valuable and permanent improvements, in repairing the residence and in the erection of barns and stable and other useful tenements, and in the increased fertility of the lands by his system of cultivation; in the clearing of additional fields, which have added to the arable value of the farm. The bill demands an account for rents and profits for the time the defendant Waddel has been in possession, and the defendant asks that his account for improvements be allowed him in the adjustment as a counter claim. The life estate is still pending, and the necessity of a sale-subject thereto is shown and conceded in order that an equitable partition may be had. The proof shows that the estate has very greatly increased in value during its occupation by the defendant, and the ame-liorations placed by him on the land have been quite-substantial and costly; but that the buildings have *39 been mainly erected upon the dower tract. Upon that portion of the estate outside of the dower tract the improvements in the way of building have not exceeded in value $100. The decree below disallows the defendant’s claim for improvements, other than such as are shown to have been placed upon the estate outside of the dower tract.
It is certainly true, as a general rule, that a tenant cannot, without the concurrence of the rever-sioner, place improvements upon the life estate and compel the reversioner to pay for them upon the falling in of the life estate: 1 Wash., 24. And a mere acquiescence on the part of the reversioner or remainderman would not bind him. He must, in-general, have concurred, consented, or connived at the ameliorations upon his estate, in order to be estopped from resisting the demands for improvements as a set off to the rents; for, otherwise, it would be, in the language of Judge Green, to reward him for volunteering his labor on another man’s land, and to punish the owner for permitting him to do it: 6 Hum., 327. Nor does this case fall within the principle stated — that one who makes improvements upon a life estate does it at his peril, and cannot in general demand reimbursement.
The defendant Waddel was not a life tenant only. He owned the controlling interest in the whole estate. He was tenant for life of the dower during the joint lives of himself and wife, and he was tenant in common also of the whole estate, both in presentí and in remainder. It does not appear that his possession of *40 the whole tract was objected to by any one, or that such possession in any manner damaged the right of joint and several occupancy by his co-tenants. But as far as this record advises us, we may assume that the defendants have taken and held the peaceable and uninterrupted possession of the estate outside of the dower tract since 1850, with the knowledge and acquiescence of their co-tenants, and that, with that knowledge and acquiescence they have, through this long lapse of time, erected improvements upon the dower tract, which have given enhanced value to the whole estate, — and all this without protest or objection. The defendant Waddel, then, when these improvements were made, was not alone the tenant jure uxons of the dower estate, but was tenant in common in remainder with complainants of that identical estate; and being also an owner in common of the balance of the estate, he was tenant in common of the whole estate; and the case must therefore be governed by a différent principle from that governing the tenants of a mere life estate, who venture to make improvements thereon. He and his co-tenants held by several and distinct titles, but by unity of possession “because none knoweth his own severalty, and therefore they all occupy promiscuously”: 1 Cooly’s Bl. Com., 459. It is true he occupies a relation of trust and confidence towards his co-tenants, and is held by the law to the utmost good faith. He will not be allowed to take advantage of his relation to make profit out of his co-tenant: 36 Ill., 119; 8 Mich., 263; 13 Ib., 292; 28 Penn., 419. In cases of partition, a *41 court of equity, it is said, does not act merely in a ministerial character, but it founds itself upon its general jurisdiction as a court of equity, and administers its relief ex equo et bono, according to its own notion of general justice and equity between the parties. It will therefore, by its decree, adjust all the equitable rights of parties interested in the estate: 1 Story Eq. Jur., 656. Thus, if improvements have been made by one tenant in common, a suitable compensation will be' made him on partition, or the property thus improved will be assigned- to him; lb., 3 Paige R., 546, 570. And it is said that courts of equity have not confined the doctrine of compensation or lien, for repairs and improvements, to mere cases of agreement or of joint purchases. They have extended it to other cases, when the party making the repairs or improvements has acted bona fide and innocently, and a substantial benefit has been conferred on the owner; so that, ex equo et bono, he ought to pay for such benefit. And among the illustrations of the doctrine given, is the case of a tenant for life under a will, who has gone on to finish improvements begun by the testator, which are permanently beneficial to the estate. A court of equity holds the expenditure to be a charge upon the estate for which the tenant is entitled to a lien. And thus, also, when a party lawfully in possession under a defective title, has made permanent' improvements, if relief is asked in equity by the true owner, he will be compelled to allow for such improvements. So money bona fide laid out in improvements by one joint owner, will be *42 allowed on a bill by the other for partition: 2 Story Eq. Jur., sec. 1237. And it is said that the civil law proceeded upon a far . broader principle of material justice. For by that law any bona fide possessor — as, for instance, a creditor — who had laid out money in preserving, repairing or substantially improving an estate, was allowed a privilege or lien for such ameliorations: 2 Story Eq. Jur., sec. 1239. The general principle is, that one tenant in common may compel the other to share the expense of such repairs as are absolutely necessary to save the buildings on the common property going to decay: 1 Wash. Heal Prop., 421. He can not compel the co-tenants to make improvements, or to contribute pro rata to those he may make himself; but in the event of partition, the improvements one has made at his own expense may be taken into account, and the party making them may have them set off to him, if it can be done without affecting injuriously the rights of the other: 1 Cooly’s Bl. Com., 461. But in a case like this, upon a bill for partition, when the rents and profits are demanded of a tenant in possession who has, without objection, made valuable and permanent improvements upon the estate, it would be inequitable to refuse him the value of his improvements, at least to the extent of the rents; for in occupying the land, the tenant has done no more than was his right to do; and it is said that “to render one co-tenant liable to another for rent, or for use and occupation, there must be something more than an occupancy of the estate by one and a for- *43 bearanee to occupy by the other: 1 Wash., 570. Thus, in the case of Calhoun v. Curtis, 4 Metc., 413, it was held that when one co-tenant was suffered to occupy the common property and to plant and raise a crop thereon without objection by the other tenant, the crop, when severed, became his individual property, and that if the other took it when gathered, or any part of it, and carried it away, he was thereby a trespasser. But, notwithstanding the doubts which have been thrown upon the question, it must be conceded now that if one tenant in common has enjoyed the exclusive rents and profits, upon a bill for partition an account for rents may be decreed; 1 Story Eq. Jur., 655.
The facts of this case are peculiar. We have no case precisely like it, and it must rest upon the general principle that in such cases a court of equity does not act as a mere ministerial agent, but recurs to its own peculiar and flexible powers of administering its relief ex equo et bono — according to the rules of right and its own notion of general justice between the parties. The salient features of this case are, that the defendant was not an intruder upon this estate or any part of it; he had a right to occupy. He “knew not his own severalty,” but was at home upon any part of the estate. He found the estate in a wasted and dilapidated condition, and, though under no obligation to do so, he has, by his industry, by his expenditure of money and his excellent husbandry, almost doubled its value to himself and Ills co-tenants. This enhancement of value is in the *44 whole estate — the present estate and the reversion are both made more valuable; and it must be sold for partition, and the complainants are not only to receive the benefit of these improvements, but a court of equity is asked to give them the rents and profits of twenty years, without allowing a farthing to defendant for all that he has done in increasing the actual wealth of complainants. It seems most clear that the improvements upon the dower tract have given this increased value to the whole. It could not be otherwise. And the whole has to be sold together, only subject to the life estate of the dower tract. It seems to us that upon no sound principle can ■ the complainants be released from their proportion of this heavy burthen which has been incurred by the defendant for the joint benefit, ■ when they come into a court 'of equity to' compel him to account for the rents and profits. If valuable and permanent improvements have been placed upon any part of the estate which have enhanced the value of the whole, the equities of the parties should be so adjusted that the burthen 'should fall in its due proportions upon each. The account for improvements, however, will not exceed that for the rents.
With the decree thus modified, the cause will be remanded for another account and further proceedings.