DANIEL J. CAMPAU v. TOUSSANT LAFFERTY.

*Exclusion of facts equally known to decedents—Evidence of fraud—Prejudicial error—Execution of lease—Adverse possession.*

Plaintiff in ejectment sought to estop defendant by showing that defendant had taken a lease of the premises from the administrators of the former owner, who were also the owner's heirs and through whom plaintiff claimed a portion of his interest.    Defendant offered to show that the character of the alleged lease had been misrepresented to him, but this was ruled out as a fact equally within the knowledge of the administrators, who were dead.    *Held*, that the objection, if good at all, was valid only so far as plaintiff's interest was derived through the administrators and from their decedent.

Fraud is not to be lightly inferred but must be clearly proved; and the party affected by it must complain promptly when the facts come to his knowledge.

A verdict ought to be set aside which holds a lease to be void on the lessee's claim that he signed it supposing it to be something else, and which, in so holding, ignores the testimony of the subscribing witnesses and the fact that after the lessee discovered the alleged mistake he made no protest for sixteen years.

It is not prejudicial error to exclude testimony which, in itself, is so vague, inconclusive and insufficient that a verdict which should be based upon it would have to be set aside.

Adverse possession does not have to be based on color of title, and it may become perfect even though the possessor originally had no shadow of title.  But it must plainly appear, in such a case, that the real owner has been given a cause of action; and if the possession began in subordination to his right, he is entitled to assume that his right is continuously admitted until he finds that it is disputed, or that the possessor has renounced the title under which he entered; and until then the owner cannot be prejudiced by not bringing suit.

Possession, when taken wrongfully, should put the real owner on his

guard; but when held in apparent subordination to the owner's rights, and without his knowledge that it is in opposition to them, it cannot be considered adverse.

Claim of title in fee is rendered immaterial by accepting a lease from an adverse claimant.

Error to Wayne. (Speed, J.) Jan. 10.—Feb. 27.

EJECTMENT. Defendant brings error. Affirmed.

*Ebenezer H. Rogers* and *Henry M. Cheever* for appellant.

*F. A. Baker, Geo. W. Moore* and *J. Logan Chipman* for appellee.

COOLEY, J. Action of ejectment to recover possession of forty acres of land, which the plaintiff in his declaration claims as owner in fee.

On the trial the plaintiff endeavored to make out a paper title, and claimed that he did so to the extent of seven undivided twenty-fourths. Three parts of these seven were claimed through a deed from Catherine Lafferty, mother of the defendant, made to Joseph and Barnabas Campau in 1845, and the other four parts through a partition deed of the estate of Joseph Campau, who was supposed to own them before the deed by Catherine Lafferty was made.

The defendant relied upon adverse possession, and gave evidence that he occupied the premises at the date of the deed by his mother, and had continued to occupy them ever since, cultivating them at discretion, paying rent to no one, and at one time making a lease of a part and collecting rent for it. He also pointed out various supposed defects in the paper title of the plaintiff.

Besides relying upon his paper title, the plaintiff sought to estop the defendant from disputing his right to possession by showing that when Catherine Lafferty deeded to Joseph and Barnabas Campau, she took back a life lease, and thereafter occupied as their tenant until her death in 1854. Also that afterwards, in 1865, the administrator of Joseph Campau made a lease of the premises for one year

to the defendant for a nominal rent and the taxes, which the defendant accepted. The lease to Catherine Lafferty seems not to have been disputed, but defendant denied that he ever knowingly took a lease himself, and sought to show that the paper which was proved and which he admitted signing was represented to him at the time to be a paper respecting some Saginaw lands. The evidence he offered to give on the subject was ruled out on the ground that it related to matters equally within the knowledge of the administrators of Joseph Campau—who were also his heirs —and was therefore not admissible as against the plaintiff who claimed through Joseph and his heirs. This objection, if good at all, was valid only to the extent that plaintiff's interest was derived from the Joseph Campau estate; and the ruling upon the objection made to the evidence was therefore too broad and was erroneous. Whether the objection was valid to any extent may well be questioned. *Campau v. Lafferty* 43 Mich. 429, 431.

But the defendant in the course of the trial had an opportunity to state what he claimed were the facts, and though the court took his statement away from the jury, it appears in the record, and we are enabled to see whether there is anything in it for which we should remand the case. The substance of his statement is this : He did not think he was signing a lease when he signed the one in evidence ; he asked for an explanation and got none—as he says at first, though afterwards he says he was told the paper related to the Saginaw lands. Sixteen or seventeen years before the trial he ascertained the paper was a lease, but it does not appear that he took any action under a claim of having been defrauded.

On the other hand the execution of the lease by defendant is testified to by two subscribing witnesses, and if their evidence is true there is no ground for charging fraud. From defendant's evidence it also appears that business was at the time being done in respect to the Saginaw lands, and there is ground for an inference that the one dollar mentioned as rent in the lease was at that time deducted by the

lessors from moneys payable to defendant's wife. The question then is whether the vague evidence offered for the defendant to show that he did not understand he was making a lease, though for sixteen or seventeen years he has known it and made no protest, could properly have been received and submitted to the jury as evidence upon which they might set aside the evidence of the subscribing witnesses and find the lease void for fraud?

It must be apparent that if the jury might on such evidence annul a deed, no man could rely upon even the most solemn instruments; and the older they would be, the more they would be at the mercy of the recollection or the dishonesty of the party executing them. The general rule is that fraud must be clearly proved, and is not to be lightly inferred, *Buck v. Sherman* 2 Doug. (Mich.) 176; and the party affected by it must complain promptly when the facts come his knowledge. *Campau v. Van Dyke* 15 Mich. 371. Now not only was there no prompt complaint in this case but the evidence proposed to be given of the fraud is as vague as it could well be. It seems very much stronger in the condensed statement we make of it than it does in reading the whole; and we are compelled to say that if the judge had received the evidence and the jury had held the lease void, disregarding in doing so the evidence of the subscribing witnesses, it would have been the plain duty of the judge to set aside the verdict as unwarranted. But if this be so we certainly ought not to reverse the judgment because this vague, inconclusive and insufficient evidence was not taken. The verdict is what it should have been with the evidence in; and this is so plainly the case that even if we concede that the judge should have let in the evidence, we must still hold that under the circumstances his ruling was a harmless error.

A more serious question is whether there was any evidence of adverse possession to submit to the jury. The trial court held that there was not. The evidence of the defendant showed that he had occupied and improved the land as if it were his own, and that he had never paid rent

unless for the first year after the date of the lease. He knew of the deed from his mother to the Campaus, about the time it was given, and of course knew his mother had no ownership in the land at the time of her death. He told some parties after her death that he had a deed from her, but he now says he never had one. What he did have, he says, was "a paper" which he cannot now find. What he thought this paper was does not appear, but it is certain that he knew he was getting no title by it. Indeed there is no pretense that he was claiming the land under any title, real or supposed.

Our statute does not require an adverse possession to be based on color of title: it requires only that it shall continue for the requisite time after right of action accrues against the possessor. Comp. L. § 7137. It may become perfected therefore, though in its origin the possessor has no shadow of title. But in such a case it must be made plain that the real owner has been given a cause of action, and if the possession commenced in subordination to his right, there should be evidence of distinct renunciation of it before he is put in position to lose anything by not bringing suit. If one goes into possession under him, he is entitled to assume that his rights are continuously admitted until the contrary is brought to his knowledge. *Willison v. Watkins* 3 Pet. 43; *Farrow v. Edmundson* 4 B. Mon. 606; *Sherman v. Transportation Co.* 31 Vt. 162. He cannot be in default for not bringing suit so long as he is not informed that his right is disputed. If another goes into possession wrongfully, the mere possession should awaken his vigilance; but such was not the case here.

Now the evidence of any claim that defendant was occupying the land in his own right is very vague, and it dates back to a period several years before his mother's death. He told one man that his mother gave him the place for his share; and to another he said that he had a deed. But while his mother was living there can be no pretense, on the evidence, that he occupied independently; and such possession as he had was subordinate to her tenancy. And all

his talk about a right in himself previous to the giving' of the lease was rendered immaterial by its acceptance. There could be no reliance upon it after that distinct recognition of the Campau ownership. And we do not see that any evidence was given or offered of distinct acts of renunciation of that title afterwards to put the plaintiff on his guard, or to call upon him for action. It is somewhat singular perhaps that the plaintiff did not sooner demand possession or the payment of rent, but as the parties are nearly related the reason may possibly be found in that fact.

In this view of the case we do not deem it important to notice specifically the other supposed errors. Such of them as are not rendered immaterial we think not well taken.

The judgment must be affirmed with costs.

GRAVES, C. J. and MARSTON, J. concurred.