ELIZABETH C. BIRD v. JOHN H. STARK.

*Trespass—Boundary—Location of line by agreement—Adverse possession.*

1. A land-owner who locates a division fence beyond the line established by a survey claimed by him as establishing the *true* line is *prima facie* a trespasser.

2. An arrangement between land-owners as to the location of a division line, *less* than 15 years old, to be binding, must have been made with the understanding that it should be so regarded.

3. An understanding between land-owners that a fence is laid *provisionally*, and is not to supplant the *true* line, may prevent such location becoming *conclusive* for more than 15 years; and such a location by agreement need not continue for that length of time to bar a change.

4. Adverse possession for 15 years is a *statutory* bar, and needs no agreement; and actual knowlege of such adverse holding is not required when the circumstances are such that the contiguous holder ought to have such knowledge.

Error to Oakland.   (Stickney, J.)   Argued June 16, 1887.
Decided July 7, 1887.

Trespass.   Plaintiff brings error.   Reversed.   The facts are stated in the opinion.

*Thomas L. Patterson* and *Aaron Perry*, for appellant.

*E. J. Bissell* (*F. A. Baker*, of counsel), for defendant.

CAMPBELL, C. J.   Plaintiff sued defendant in a justice's court in Oakland county in trespass for encroaching on her lands, and the case was removed to the circuit court under the statute.   Judgment was rendered for the defendant in that court, and is removed here on error.

The injury sued for was the removal of the division fence between the parties so as to bring it several feet eastwardly

on the land of plaintiff. Defendant claimed he had put the fence where it belonged.

The plaintiff's proof consisted chiefly of evidence of long possession, as well as direct acquiescence, so that she claimed a location by acquiescence, and also by adverse possession. Defendant claimed that, by a survey which he procured to be made, the boundary lay eastward of the old line fence. This survey was *ex parte*. There was also testimony that, instead of laying the fence on the surveyed line, he put it eastward from it. Errors are assigned only on the charges given or refused, and they apply to all of the plaintiff's theories.

The court refused to charge that a location by defendant of the fence east of the line as surveyed by Mr. Cooley, the surveyor whom he employed to run it, would be a trespass; and, on the other hand, told the jury that the inquiry was not as to the location of the new survey, but concerning the true government line, and, unless plaintiff owned the land between the two fences, she could not recover.

This was erroneous. The Cooley survey was introduced by defendant himself to show where the true line was, and for no other purpose; and, except for this, it is difficult to find any testimony concerning the true line except the long occupancy. There is no testimony that we have discovered which attempts to place the true line further east. That survey was an attempt to locate it, and, whether correct or not, is the only proof that would justify defendant in his claim.

There was also confusion in the charges concerning rights by possession and acquiescence. It was held that a practical location of the line, and occupancy under it by both parties for more than 15 years, could only be made operative by the determination of the parties that it should be the line between them. It was further held that possession under claim of title up to the fence between her land and the 40-acre lot

west of her, for 15 years, would give no right to any portion of the south-east quarter of the south-west quarter of section 17 (of which she owned the south-west quarter of the south-east quarter), unless a knowledge of such claim was had by defendant or his grantors for more than fifteen years.

It is undoubtedly true, under our decisions, that, to make an arrangement less than 15 years old binding, it must have been made with the understanding that it should be so regarded. And it is also true that if a fence is laid provisionally with the understanding that it shall not supplant the true line, that understanding may prevent its becoming conclusive for more than 15 years. The cases cited on the argument illustrate this. But, on the other hand, the same cases hold that a location by agreement need not have continued 15 years to bar a change.

Possession for 15 years, which is adverse, is a statutory bar, and needs no agreement; and we do not think that actual knowledge of the adverse holding is required when the circumstances are such that the contiguous holder ought to have known it. The charge went too far, therefore, in holding otherwise. We do not agree in the view urged upon us that there was no testimony rendering the rulings material. We think there was such testimony. The other points are less material, and may not arise again.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.