ERBIN RICHARDS v. SIMEON RICHARDS AND LORETTA RICHARDS.

*Taxes— Tenant in common—Adverse possession.*

1. An heir cannot set up an adverse claim to land of which his father died seized, under a tax title purchased after his death, and paid for by his grantor to protect his covenants of warranty, pursuant to an agreement made with the father in his life-time, under which deed the heir claims to hold *adverse* possession, such title belonging equitably to the estate.

2. A widow who has secured a conveyance from all the heirs but one of her husband's estate, and is in possession under such title and her dower and homestead rights, cannot acquire an adverse title as to such heir by purchasing an outstanding tax title paid for by her husband's grantor to protect his covenants of warranty, pursuant to an agreement made with the husband in his life-time, nor can her grantee, with knowledge of all of the facts, do so.[1]

Error to Kent. (Montgomery, J.) Argued April 19, 1889. Decided June 21, 1889.

Ejectment. Plaintiff brings error. Reversed, and judgment entered for interest claimed by plaintiff, and record remanded for further proceedings under the statute. The facts are stated in the opinion.

*J. C. FitzGerald* (*Francis A. Stace*, of counsel), for appellant.

*Fletcher & Wanty*, for defendants.

MORSE, J. This is an action to recover the equal undivided one-sixth of 40 acres of land in the township of Paris, Kent county.

---

[1] See *Cook v. Clinton*, 64 Mich. 309 (head-note 1), as to adverse claim by tenant in common under title acquired during such tenancy.

The case was tried before Hon. R. M. Montgomery, judge of the Kent circuit court, without a jury, and judgment was rendered in favor of the defendants.

The finding of facts is substantially as follows:

October 16, 1875, one Erastus U. Knapp conveyed the 40 acres in question by warranty deed, containing full covenants of warranty, to Myron Richards, the father of plaintiff, and of defendant Simeon Richards. The defendant Loretta Richards is the wife of Simeon Richards.

Myron Richards at once entered into possession of the land, and occupied the same as his homestead until his death, January 1, 1877. He died intestate, leaving surviving him his widow, Eliza Richards, and six children, to wit, Erbin Richards, Truman Richards, Gilbert Richards, Simeon Richards, Martha McCormick, and Ann J. Forbes.

On the first day of March, 1877, all of the children except the plaintiff, Erbin Richards, conveyed all their right, title, and interest, as heirs at law of their father, to their mother, Eliza Richards.

In 1873 the land was sold for the unpaid taxes of 1872, and bid in by the State. This fact was unknown to both Knapp and Myron Richards when Knapp conveyed to Myron. Shortly before his death, Myron was informed of this outstanding tax title, and made application to Knapp to have the title perfected under the latter's warranty. Knapp directed him to procure the tax title to be conveyed to Myron, and he (Knapp) would bear the expense, but Myron died without having obtained it.

After Myron's death, Simeon Richards, who was living on the farm with his mother, and before the first of March, 1877, again applied to Knapp to secure this tax title. Thereupon Knapp made an arrangement with Simeon by which it was agreed that said title, then appearing in the State of Michigan, should be acquired, and Knapp would pay the expense. Under this arrangement a deed of the land

was procured from the Auditor General to Eliza Richards, and after it was obtained Knapp paid to Simeon, or his mother, the money expended to acquire such title. This deed was dated March 1, 1877, and recorded on the nineteenth day of the same month. This tax deed was shown to be void on the trial by reason of a defect in the supervisor's certificate attached to the assessment roll for the year 1872.

On the seventeenth of March, 1877, Eliza Richards conveyed the land to Simeon by a deed, which, after reciting that she was the widow of Myron Richards, deceased, granted to the defendant Simeon Richards—

"All of her right, title, interest, and claim as widow of said deceased, and as purchaser and owner, in and to all that certain piece of land," etc.,—

Describing the 40 acres in question in this suit.

After the death of his father, and until March 1, 1877, Simeon Richards and his mother continued to reside on said land, and Simeon managed the farm as he did before his father's death; the other children, including the plaintiff, residing elsewhere, and not interfering in any manner with the occupation of the land. No administration was ever had upon the father's estate. Before his father's death Simeon was working the farm on shares, and as tenant on shares was in actual occupation of the same with his father.

After the conveyance by the mother to Simeon, she resided on the land in the family of Simeon until her death, which occurred in 1886. This was in pursuance of the terms of a mortgage bearing even date with her deed to Simeon, conditioned, among other things, for the support of the said Eliza Richards during her life, by Simeon.

On the seventeenth of March, 1877, the date of Eliza's deed to Simeon, he was actually in occupation of the land, and residing on the same with his mother. The plaintiff was living elsewhere.

On that date the circuit judge finds that Simeon assumed

possession and control of the premises as owner, claiming the title to the whole by virtue of said deed from Eliza Richards to him.

"Said Simeon thereby ousted the plaintiff from the possession of said lands, and since that time he has been in the actual, continued, visible, notorious, and hostile possession of the same. The defendant Loretta Richards is the wife of defendant Simeon Richards, and has lived with him on the lands during the period above named as his wife."

This action was commenced August 3, 1887.

"I find as a conclusion of law that the plaintiff was not, at the time of the commencement of this suit, entitled to the possession of the premises described in the declaration in this cause."

We cannot agree with the conclusion of the circuit judge in the premises upon the facts as found by him.

It is asserted by the counsel for defendants in their brief that the court below found that the defendant Simeon Richards went into possession of the land under the tax title, and asserted his title to the whole premises as against the plaintiff under the same, and that he, therefore, was entitled to judgment under the statute of limitations applicable to possession under tax titles, having been in exclusive, continued, notorious, and hostile possession of the land for 10 years before the plaintiff brought his suit.

We find nothing in the finding of facts, as stated by the circuit judge, to warrant the conclusion that Simeon went into possession under the tax deed. The deed from his mother did not pretend to warrant any title. She only in effect quitclaimed to him all her right, title, and interest and claim as widow, "and as purchaser and owner."[1] He went into possession under a deed which conveyed his mother's interest, and no more, and there is nothing to show that he

---

[1] See *Eaton v. Trowbridge*, 38 Mich. 460, as to what is conveyed by a quitclaim deed, and the standing of the grantee as a *bona fide* purchaser.

went in claiming under the tax title, except that he claimed to own the whole of the premises. This claim he might have made without any deed at all.

But whether or not he went into possession under this tax title, and so claimed to the world, he cannot use the same upon which to predicate a bar of the statute of limitations against the plaintiff's title. To permit him to do so would be to sanction fraud. This tax title was paid for by the grantor of Myron Richards, and belonged to his estate in equity. This the defendant Simeon Richards well knew, and he will not be allowed, even in a court of law, to set up a claim of ownership, which could not be in good faith, upon it, so as to set the statute of limitations in motion against its rightful owners.

At the time the tax title was acquired Eliza Richards was a tenant in common of this land with the plaintiff. She was already in possession under her right as widow, and her deed of the interest of all the heirs at law save plaintiff. She cannot be said to have taken possession of this land under the tax deed, because she was already in possession when she received it, and there is no showing that she ever held the premises one moment adversely to plaintiff, or in any other way save as a tenant in common, or under the right to occupy the homestead which the statute gave her. Being a tenant in common, the purchase of this tax-title inured to the benefit of plaintiff as well as herself. *Page v. Webster*, 8 Mich. 263; *Butler v. Porter*, 13 Id. 292; *Dubois v. Campau*, 24 Id. 360; *Campbell v. Campbell*, 21 Id. 438; *Burhans v. Van Zandt*, 7 N. Y. 523; *Knolls v. Barnhart*, 71 Id. 474; *Weare v. Van Meter*, 42 Iowa, 128.

And this was no doubt her understanding of the matter. She could not have built up a title by the statute of limitations against the plaintiff upon this tax deed, which belonged to him as well as to her. Nor can Simeon, who stands in her shoes, be permitted to do so, having knowledge of all

the facts of the acquisition of the title. *Dubois v. Campau,* 24 Mich. 360; *Fitzhugh v. Barnard,* 12 Id. 104; *Fallon v. Chidester,* 46 Iowa, 588; *Flinn v. McKinley,* 44 Id. 68; *Tice v. Derby,* 59 Id. 312 (13 N. W. Rep. 301).

The counsel for defendants attempt to combat this proposition by arguing that as the tax title was void it could not inure to the benefit of the plaintiff; being worthless, it could be of no benefit to him. Granted that this be so, can the defendant Simeon, upon a void tax title, which if valid would confer no title upon him as against plaintiff, yet build up an absolute title under the statute of limitations applying to possession under tax titles ? We think not.

Under the proofs, the term of 15 years was necessary to bar plaintiff's action.

The judgment is reversed, and judgment entered here for an equal undivided one-sixth of the premises, with costs of both courts. The record will be remanded for further proceedings under the statute relating to actions of ejectment, if desired by the defendants.

The other Justices concurred.