113  185
117   27
113  185
s71NW 593
129  ¹349
113  185
136  ³263

## WARD *v.* NESTELL.

1. TAX TITLES—HUSBAND AND WIFE.

   A husband, while in joint occupancy of land with his wife, cannot acquire a tax title valid as against her.

2. TRIAL—EVIDENCE—CONTENTIONS OF COUNSEL.

   In an action of ejectment by a wife's administrator against the heirs of her deceased husband, defendants' attorney offered in evidence a tax deed acquired by the husband in the lifetime of the wife, stating that he proposed to follow it up by proof of adverse possession. The admissibility of the deed was questioned, and the court inquired if defendants proposed to build up title under the deed, and also asked if there was any claim that the statutory period began to run from the death of the wife. Defendants' counsel refused to concede that they relied wholly upon the deed, or to base their claim solely on adverse possession subsequent to the death of the wife, but stated that they would "build title of possession up under the deed from the time it was given." The court thereupon rejected the evidence, and directed a verdict for the plaintiff. *Held,* that defendants should have been allowed to introduce their proofs relating to adverse possession. GRANT, J., dissenting.

3. ADVERSE POSSESSION—COLOR OF TITLE.

   Adverse possession of land need not, under 3 How. Stat. § 8698, be based upon color of title, nor need the possession have been hostile in the first instance, but it is sufficient if it continues for the requisite time, although the original entry was by consent of the owner and without shadow of title.

Error to Clinton; Daboll, J. Submitted April 15, 1897. Decided May 28, 1897.

Ejectment by Alfred B. Ward, administrator of the estate of Clarissa A. Nestell, deceased, against Jane Nestell and others. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Reversed.

Clarissa A. Nestell purchased the land in controversy November 1, 1866, and her deed was placed upon record the same day. She also had a tax deed for the taxes of 1865, dated June 14, 1871, and recorded June 24, 1871. The land consisted of 20 acres, and was used and occupied by her husband as a part of the farm, he owning the title to the rest of the land. Mrs. Nestell died in 1880. Mr. Nestell and his children continued in the occupancy of this farm after her death, the same as before, until his death, in March, 1896. The barns were situated upon this 20 acres, the dwelling house being situated across the highway on his land. They occupied the farm together, he cultivating the farm and receiving the profits therefrom. No administrator of her estate was appointed until after his death, when plaintiff was appointed and instituted this suit. Mr. Nestell left a will devising a life estate to the defendant Jane, and the remainder in fee simple to the defendant Fred. Plaintiff rested his case upon the recorded evidence of title and proof of occupancy, as above stated. Denial of possession was conceded. Defendants offered a tax deed to Hiram Nestell for the taxes of 1866, dated June 14, 1871, and recorded July 16, 1885. The court excluded the deed, holding that the husband, while in joint occupancy of land with his wife, cannot acquire a tax title valid as against her, and directed a verdict for the plaintiff.

*Spaulding & Norton* and *Fedewa & Walbridge*, for appellants.

*Lyon & Dooling*, for appellee.

GRANT, J. (*dissenting; after stating the facts*). The ruling of the court was correct. The law does not permit a husband to acquire a tax title adverse to the title of his wife. This tax title inured to her benefit just as conclusively as though he had taken the title in her name. It could not be made the basis of an adverse possession during her life. *Laton* v. *Balcom*, 64 N. H. 92; *Willard* v.

*Ames,* 130 Ind. 351; *Burns* v. *Byrne,* 45 Iowa, 285. "It
simply inures to the protection, not to the destruction, of
the regular title." *Horton* v. *Ingersoll,* 13 Mich. 413;
*Richards* v. *Richards,* 75 Mich. 408. The tax title in-
uring to her benefit, it follows that it was merged in her
original title, and cannot be made the basis of an adverse
holding. The defendants did not base their claim of title
by adverse possession upon any other color than that of
this deed. This is apparent from the record. Before the
final ruling, the following colloquy took place:

" *The Court:* I am inclined to hold and instruct the jury,
and I do, that under the circumstances of this case, as
they appear now, the husband is not permitted, by pur-
chasing a tax title, to build up a title adverse to that of
his wife, they living together upon the premises as hus-
band and wife, and therefore the evidence offered is in-
competent; and under the statement of counsel made at
the opening, that being the point they defend upon, I
think there is no use of going any further in the case. .

" *Mr. Lyon:* I understand that under the ruling they
have no other evidence to offer.

" *Mr. Spaulding:* I want to state that we do not quite
concede the statement, so far as the court puts it, that we
were relying wholly upon the deed. Our defense, how-
ever, is the title. Our defense, as it stands now, is that
we have this deed I have offered for the purpose of show-
ing title, and also we shall follow it up, if necessary, by
the other fact of possession.

" *The Court:* Well, you mean follow it up by build-
ing a title up under that deed?

" *Mr. Spaulding: Build title of possession up, yes,
sir, under that deed, from the time it was given.*

" *The Court:* I don't think it is permissible." ·

It thus conclusively appears that the defendants did
not base their adverse possession upon the principle estab-
lished in *Pattison* v. *Dryer,* 98 Mich. 564, and did not
bring this case within that. We are not, therefore, called
upon to discuss the question of title by adverse possession
where a husband remains in the possession of his wife's
land after her decease. The deed was properly excluded,
and the defendants offered no other evidence of title.

The judgment should be affirmed.

MOORE, J.    I agree with Mr. Justice GRANT that the husband, while in joint occupancy of land with his wife, cannot acquire a tax title valid as against her, but I do not think that is the only question involved in the case.    The wife died in December, 1880.    This suit was commenced in July, 1896.    So that enough time intervened after her death to acquire title by adverse possession.    To understand the case, I think it necessary to quote a little more fully from the record.    Mr. Green had been sworn as a witness, and testified that he had lived near the land in controversy nearly 50 years; that it was generally understood in the neighborhood to be Mr. Nestell's; that Mr. Grummond wanted to sell the land to witness, and, after it was sold, Mr. Nestell told the witness that he had bought it.    At this point a tax deed was offered in evidence, when the following occurred:

"The counsel for the plaintiff objected to the admission in evidence of said deed as incompetent, for the reason that under the law a husband could not acquire at that time a tax title upon property the paper title to which stood in his wife; that the procedure is forbidden by the rules of public policy.

"*The Court:* Gentlemen, I am inclined to take the position in this case, as to the question of acquiring title, a man cannot acquire title against his wife by adverse possession.

"*Mr. Spaulding:* In connection with that, if the deed should be received, we propose to follow it up by adverse possession beyond the period.

"*The Court:* Now, let us see if we are agreed as to some things that already appear.    I understand it is in evidence, and is not sought to be contradicted, that Mr. and Mrs. Nestell lived together as husband and wife at the time of the taking of the deed, the original title, to her, at the time of the making of the tax title to her.    That, I think, was the same day as the tax title you now offer.    They continued to live together as husband and wife, these premises being worked in connection with the farm in some way, up to the time of the death of Mrs. Nestell, which was in December, 1880, Mr. Nestell being then alive.    When was this suit commenced?

"*Mr. Lyon:* In July last, the same month that the administrator of her estate was appointed.

"*The Court:* So there is no claim made that, beginning with 1880, there could be any adverse possession?

"*Mr. Spaulding:* There is time enough since her death, but we claim he was in possession adverse to her title even before her death.

"*The Court:* I am inclined to hold and instruct the jury, and I do, that under the circumstances of this case, as they appear now, the husband is not permitted, by purchasing a tax title, to build up a title adverse to that of his wife, they living together upon the premises as husband and wife, and therefore the evidence offered is incompetent; and under the statement of counsel made at the opening, that being the point they defend upon, I think there is no use of going any further in the case.

"*Mr. Lyon:* I understand that under the ruling they have no other evidence to offer.

"*Mr. Spaulding:* I want to state that we do not quite concede the statement, so far as the court puts it, that we were relying wholly upon the deed. Our defense, however, is the title. Our defense, as it stands now, is that we have this deed I have offered for the purpose of showing title, and also we shall follow it up, if necessary, by the other fact of possession.

"*The Court:* Well, you mean follow it up by building a title up under that deed?

"*Mr. Spaulding:* Build title of possession up, yes, sir, under that deed, from the time it was given.

"*The Court:* I don't think it is permissible.

"And thereupon the said circuit judge rejected the said evidence as inadmissible, and directed the jury to return a verdict for plaintiff."

When the law required the adverse possession to be based upon a color of title, a ruling like that of the circuit judge would be proper. Our statute does not require that the adverse possession shall be based upon color of title. 3 How. Stat. § 8698. And for a great many years the decisions of this court have been to the effect that it is not necessary to adverse possession that it should be based upon paper title or a color of title. It is only required that it shall continue for the requisite time after right of action accrues against the possessor. It may become perfected though in its origin the possessor had no shadow of title. *Campau* v. *Dubois,* 39 Mich. 274; *Campau* v. *Lafferty,*

50 Mich. 118; *Cook* v. *Clinton*, 64 Mich. 309 (8 Am. St. Rep. 816); *Bird* v. *Stark*, 66 Mich. 654; *Sanscrainte* v. *Torongo*, 87 Mich. 69; *Shearer* v. *Middleton*, 88 Mich. 621. Nor is it required that the act of taking possession in the first instance shall be hostile. *Bower* v. *Earl*, 18 Mich. 377; *Michigan Land & Iron Co.* v. *Thoney*, 89 Mich. 226.

While it may be entirely true that a tax title acquired by the husband while the paper title to the property was in the wife inured to her benefit, it does not follow that the husband, and those claiming under him, could not acquire title by adverse possession, even though the husband had taken a tax title upon the property. While the record is not as clear as could be desired, I cannot reach any other conclusion from reading it than that it is made to appear that defendants not only relied upon the tax title, but also upon title gained by adverse possession after the death of the wife. I think they should have been allowed to introduce their proofs relating to the question of adverse possession, and that the judgment should be reversed.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred with MOORE, J.