• DAWSON *v.* FALLS CITY BOAT CLUB.

136   259
s142  615

1. ADVERSE POSSESSION—GOOD FAITH—INSTRUCTIONS.

Where, in an action of ejectment, defendant claimed title by adverse possession, it was error to instruct the jury that, in order for him to maintain such title, he must satisfy them that the land had been held by him for the statutory period in good faith; since good faith is not an element of adverse possession.

2. BOUNDARIES—OLD FENCES—INSTRUCTIONS.

Where, in an action involving a disputed boundary, the evidence was conflicting as to when a particular fence was built, and whether, after it was first built, it was rebuilt on practically the same line, and defendant requested an instruction as to the evidentiary value of old fences, though the request as framed may have been properly refused, the court should have given an instruction covering that phase of the case.

Error to Chippewa; Steere, J.  Submitted October 23,. 1903.  (Docket No. 69.)    Decided April 5, 1904.

Ejectment by Carrie Dawson against the Falls City Boat Club, Eben S. Wheeler, and Clara Wheeler.  From a. judgment for plaintiff, defendants bring error.  Reversed.

*George A. Cady (John H. Goff*, of counsel), for appellants.

*E. S. B. Sutton (John W. Shine*, of counsel), for appellee.

MOORE, C. J.  This is an ejectment case.  The land in dispute is a triangular piece from a point on Portage avenue to the St. Mary's river, where it is about 15 feet wide.. The case has been here before, and is reported in 125 Mich. 433 (84 N. W. 618).  After the case was affirmed here, a. second trial was had under the statute allowing a second trial in ejectment cases.  If reference is made to the opinion in 125 Mich., a very brief statement of facts will answer every purpose.  It is the claim of the plaintiff that the disputed strip is a part of private claim No. 106, of which she is the owner.  Defendant Wheeler interposes two defenses: *First*, that the disputed strip is part of private claim No. 105; *second*, if it is not, that he has acquired title by adverse possession.

Error is assigned as to that portion of the charge reading as follows:

"It is also a question of fact as to whether there was. peaceable possession, as claimed; and, in order to constitute an adverse possession sufficient to give title, there must be an actual, exclusive, continuous, visible, notorious, distinct, and hostile possession of the land claimed to be held adversely for the period of 15 years continuously next before the commencement of the suit.  And, in order for the defendant to retain by adverse possession the land mentioned in the declaration, or any part of it, he must satisfy you, by a preponderance of testimony, that it has been so held, or some part of it has been so held, in good

faith, for the period required by the statute; and the burden of proof, as I said before, in that particular, is upon the defendant."

It is claimed that good faith is not an element of adverse possession. On the part of the plaintiff it is said defendant was claiming adversely under color of title, and that, where he is claiming adversely under color of title, good faith is an indispensable element. It is further claimed on the part of the plaintiff that because, in the plea of the defendants, it is alleged defendants are in possession of the premises, "claiming title in good faith," they are estopped from objecting to the charge in relation to good faith. It is also said that because defendants asked the court to give requests 6 and 7, which read as follows:

"6. The undisputed evidence in this case shows that Peter Gallagher received a deed from Leonard A. Harris in July, 1879, to all that part of private land claim 105 lying between Portage street and St. Mary's river, and that said Gallagher, in 1883, deeded the same premises to his wife, Delia Gallagher, and that she deeded the same premises to Ebenezer S. Wheeler, one of the defendants in this suit. Now, if you find that, at the time of taking possession of the land described in the deeds above mentioned, the strip of land in question in this case was inclosed by a fence with the land conveyed by the deeds, and that said Peter Gallagher took possession of the same, and that he and his grantees above mentioned have exercised the same acts over that strip as they did over the lands described in the deeds, then the deeds themselves gave color of title in Gallagher and his grantees to this disputed strip, even if it was not included within the deeds.

"7. The defendant Wheeler and his predecessors, Gallagher and his wife, having color of title to the disputed strip of land by reason of the inclosure of the strip with the lands described in the deeds to them, their possession of a part of the land under the deeds above mentioned would be presumed to be a possession of the whole of it, including the disputed strip, in the absence of anything to the contrary;"

—Which were given, and asked the court, if he did not give these requests, then to give the tenth, which reads as follows:

"Good faith and a belief in one's title are not necessary to obtain title by adverse possession. Adverse possession may originate in a trespass, which, if continued for 15 years, with other characteristics of adverse possession, will ripen into title;"

—The judge was justified in refusing to give the last-named request, and in charging the jury as he did in the general charge. It is also claimed, though good faith is not an element of adverse possession, that, because of the other portions of the charge, the jury were not misled.

On the part of the defendants it is said the suggestion in the plea of a claim of title in good faith was put in to enable the defendants to recover for the value of improvements made by them, which claim was waived on the trial. It is also claimed that requests 6 and 7 were prepared to give the jury to understand that defendants' claim under color of title would carry with it constructive possession to the disputed strip, and that nothing was done by defendants that should estop them from challenging the error in the general charge. The defendants also claim that the other portions of the general charge did not prevent the jury from being misled.

It must be conceded that, as to the question of whether good faith is an element of adverse possession, the authorities are not uniform. In this State the question is not now an open one. In *Campau* v. *Dubois*, 39 Mich. 274, Justice CAMPBELL, speaking for the court, said:

"There is also another point under the supplementary charge to the jury which is misleading. The court charged that the statute of limitations would not run against an adverse claim unless held under claim of title. This is incorrect. It is undoubtedly true that under the old doctrine, which made a deed void made by one out of possession of lands held adversely, the adverse holding, to produce that effect, must have been under claim of title. But, for the purposes of the statute of limitations, an ouster by a trespasser would be as effectual as any other, if suit was not brought within the statutory period. Any intrusion may continue long enough to bar the right of entry. And if, in this case, the entry was not in right of the heirs.

of Toussaint Campau, it was not their entry, and was an ouster, of which they could at once legally complain.    In such case they must lose their rights unless prosecuted within the statutory period.

"In considering the authorities which have been cited before us, a considerable number will be found to have no direct bearing on the effect of possession as a foundation of defense under the statute of limitations.    A difference is apparent between that peculiar hostile possession which, under the old law, rendered conveyances executed by parties out of possession void, and that which will in time, if not disturbed, ripen into a title.    The former required possession to be taken under color of title.    The latter might originate in trespass as well as in any other way.    The effect of any adverse possession, as amounting to such an ouster as will set the statute of limitations in motion, or authorize a possessory action by a tenant who is excluded, is so well settled as not to be open to controversy.    *Doe d. Hellings* v. *Bird*, 11 East, 49; *Clapp* v. *Bromagham*, 9 Cow. 530; *Culley* v. *Doe d. Taylerson*, 11 Ad. & El. 1008; *Gordon* v. *Pearson*, 1 Mass. 323; *Wright* v. *Saddler*, 20 N. Y. 320; *Willison* v. *Watkins*, 3 Pet. 43."

To the same effect are *Campau* v. *Lafferty*, 50 Mich. 118 (15 N. W. 40); *Cook* v. *Clinton*, 64 Mich. 309 (31 N. W. 317, 8 Am. St. Rep. 816); *Bird* v. *Stark*, 66 Mich. 654 (33 N. W. 754); *Shearer* v. *Middleton*, 88 Mich. 621 (50 N. W. 737); *Michigan Land & Iron Co.* v. *Thoney*, 89 Mich. 226 (50 N. W. 845); *Barnard* v. *Brown*, 112 Mich. 452 (70 N. W. 1038, 67 Am. St. Rep. 432), and the many cases cited; *Ward* v. *Nestell*, 113 Mich. 185 (71 N. W. 593).

It is likely, because of the way in which requests 6, 7, and 10 were presented, the failure of the judge to give the tenth one is not reversible error; but the point involved is not failure to give the tenth request, but the giving to the jury of an instruction in relation to the question of good faith which is contrary to the decisions of this court.    We have carefully considered the other portions of the charge which counsel say prevented the jury from being misled. They are correct statements of the law, but nowhere do they advise the jury that, in order to acquire title by ad-

verse possession, the holding need not be in good faith. At nearly the conclusion of the charge the judge said:

"You are to remember that the burden is upon the plaintiff in this case, in the first instance, before she can recover, to establish where the west boundary line of private land claim 106 is, to your satisfaction, and, in that connection, to show that the disputed strip is included within that boundary. If that is established, then, taking up the question of adverse possession, you are to remember that the burden of proof is upon the defendant to show to your satisfaction, by a preponderance of evidence, the claim of adverse possession, as already explained to you;"

—Thus, in effect, repeating the objectionable portion of the charge. We think the charge as given is not in accordance with the law in this State, nor do we think it can be said this was not harmful error. See *Sparrow* v. *Hovey*, 44 Mich. 63 (6 N. W. 93); *Ward* v. *Cochran*, 150 U. S. 597 (14 Sup. Ct. 230).

Defendants' eleventh request read, in part, as follows:

"If the government stakes are no longer discoverable, the question is not where they ought to have been located, but where they were in fact located; and upon that question it is your duty to consider as evidence the practical location of the lines, such as the building of fences built at a time when the original monuments or stakes were presumably in existence, and probably well known. As between an old boundary fence and any resurvey made after the monuments have disappeared, the fence is by far the better evidence of the actual location of the lines of the survey."

This request was refused, and this is said to be error. It is claimed by plaintiff the evidence does not show any such fence as described in the request. The evidence was conflicting as to when the fence was built, and whether, after it was first built, it was rebuilt on practically the same line. It was the claim of defendants there was testimony which made it necessary the jury should be instructed as to the evidentiary value of the old fence, and that their request was framed to meet that phase of the

case. We are not prepared to say it was error not to give this request as framed, but we do not find that any instruction was given upon this branch of the case. In view of the fact that a new trial must be had; we regard it as proper to say an instruction should be given as to the evidentiary value of the old fence, along the lines indicated in *Diehl* v. *Zanger*, 39 Mich. 601; *Beaubien* v. *Kellogg*, 69 Mich. 333 (37 N. W. 691); *Hoffman* v. *City of Port Huron*, 102 Mich. 435 (60 N. W. 831).

We have examined the other errors assigned, but do not deem it necessary to discuss them. For the reasons stated above, the judgment is reversed, and a new trial ordered.

The other Justices concurred.