SMITH *v.* SWITZER.

1. MUNICIPAL CORPORATIONS—TAX DEEDS—DETROIT—PREVIOUS CITY
   TAXES.
   Tax deed of property in Detroit, issued to purchaser at a tax
   sale who had not paid previous city taxes then delinquent and
   unpaid, is void.

2. TAXATION—DEFECTIVE TAX TITLE—EQUITY—INTEREST.
   In suit to quiet title against a tax deed, plaintiffs and a de-
   fendant, who have finally been adjudicated to be tenants in
   common, are each required to pay present holder of a defective
   tax title only one-half amount paid city at tax sale plus five
   per cent. interest, as a condition precedent to relief, notwith-
   standing present holder had to pay such sum plus interest at
   10 per cent. and a $100 assignment fee.

3. SAME—DEFECTIVE TAX TITLE—RECEIVERS—PARTIES.
   Receiver in charge of apartment property who was not made a
   party to suit to quiet title against a defective tax deed cannot
   be ordered to pay sum adjudged necessary to clear title.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted June 8, 1939. (Docket No. 44, Calendar
No. 40,558.) Decided September 5, 1939.

Bill by Douglas R. Smith and Ada C. Smith
against C. Herbert Switzer and Lottie E. Smith to
cancel a tax deed and other relief. Cross bill by
defendant Smith against plaintiffs for an account-
ing and other relief. From decree rendered, plain-
tiffs appeal and defendant Switzer cross-appeals.
Modified.

*Henry B. Graves* and *Charles H. Hatch,* for plain-
tiffs.

*Berry & Stevens,* for defendant Switzer.          .

*Oxtoby, Robinson & Hull (Harvey A. Fischer,* of counsel), for defendant Smith.

BUSHNELL, J.  Decision in the case rests in part on *Smith* v. *Smith, ante,* 143 (124 A. L. R. 215), and it is unnecessary to repeat the facts therein stated.  Except for defendant C. Herbert Switzer, a son of defendant Lottie E. Smith by a former marriage, the parties are the same.

On June 2, 1930, the city of Detroit sold the premises involved in *Smith* v. *Smith* for a period of 99 years for the nonpayment of the general city taxes thereon for the year 1929 to Manuel Faust, who paid the sum of $4,710.37 for the city tax certificate.  At the time of this sale there were also unpaid delinquent city taxes for the years 1927 and 1928, which were not paid by Faust.  On February 19, 1932, Faust assigned and transferred the tax certificate to defendant Switzer, who paid Faust the sum of $5,611.24 therefor.  This sum included interest at 10 per cent. on the money paid by Faust to the city and $100 assignment fee.  Several months later, Switzer served his mother, defendant Lottie E. Smith, and Horace Patterson, who had been appointed by the court as a receiver of the property involved pending certain land contract foreclosure proceedings, with a notice to redeem from the tax sale under which Switzer held the tax certificate.  He later served plaintiff Douglas R. Smith and others interested in the property.

Switzer thereafter demanded a deed from the city of Detroit and, upon failure of the city to comply with his demand, instituted mandamus proceedings, resulting in the issuance of a writ in accordance with which a deed was executed and delivered by the

controller of the city of Detroit to Switzer bearing date of December 12, 1935, which was recorded in the office of the register of deeds.

Plaintiffs filed a bill of complaint seeking cancellation of the tax deed as being a cloud upon their title, and a decree determining the sum that should be paid by plaintiffs as their share of the Detroit city taxes for the year 1929. Plaintiffs also ask the court to direct receiver Patterson to pay this sum out of the rentals and profits of the premises. The receiver, however, was not named as a party in plaintiffs' bill of complaint.

After the cause was at issue the matter was referred to a circuit court commissioner for the taking of proofs and findings of fact and law. Upon exceptions to the commissioner's findings, the circuit judge rendered an opinion holding that the deed from the city on the tax certificate to Faust for the year 1929 was void and constituted a cloud upon the title of plaintiffs, but that, as a condition precedent to a decree becoming effective, plaintiffs should pay to defendant Switzer on or before six months the sum of $5,611.24, with interest thereon at the rate of five per cent. per annum from February 19, 1932, to the date of payment, and that, upon failure of plaintiffs to pay said sum as required, the bill of complaint be dismissed. Plaintiffs appeal from the decree entered in conformity to the opinion. The tax deed in question is void. *Detroit Trust Co.* v. *Lieberwitz,* 275 Mich. 429. The remaining questions involve the amount and nature of the reimbursement to Switzer.

Because of our holding in *Smith* v. *Smith, ante,* 143, the decree must be modified so that defendant Lottie E. Smith will be required to assume one-half of whatever moneys plaintiffs must pay to defendant Switzer, she being the owner of a one-half interest as a tenant in common with plaintiffs.

*Page* v. *Webster,* 8 Mich. 263 (77 Am. Dec. 446). The total amount to be paid by plaintiffs Smith and defendant Smith to defendant Switzer shall not exceed the amount paid by Faust to the city of Detroit for the 1929 tax certificate, plus five per cent. interest thereon, the determination of this amount being in accordance with the reasoning of *Detroit Trust Co.* v. *Lieberwitz, supra.* The receiver cannot be ordered to pay any of this sum in these proceedings because he was not made a party thereto.

A modified decree will be entered here in accordance with this opinion, with costs to plaintiffs. It is so ordered.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.